FOR THE

## COUNTY OF FRANKLIN,

JANUARY TERM, 1854.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.
HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

GEORGE HILL v. WILLIAM H. MOREY.

*Trespass Qua. Clau. Motion to Dismiss. Master and Servant.*
*Charge to the Jury.*

An objection, founded upon the want of the proper minute of the time of issuing the writ, to be made by the authority signing the same, as required by the statute, must be made at the first term of court to which the writ is returnable, and before pleading to the merits, and if not so made it will be out of time.

The plea of not guilty, in an action of trespass, is regarded, as waiver of all dilatory defences.

Where A., although as a volunteer, undertakes to assist B. in performing a certain piece of work, and is suffered to proceed without objection, B. being at the time

Hill *v.* Morey.

present, they will stand in the relation of master and servant; and the acts of A. being done for the benefit of B., if A. while thus engaged, should negligently, or for the want of proper information, commit a trespass, B. will be liable for the same.

A license cannot be proved under the general issue, in an action of *trespass quare clausum fregit*, in defence to the suit; but to be available it must be pleaded.

THIS was an action of *trespass* founded on the statute entitled, "An act more effectually to prevent trespass in certain cases," passed in 1849.

Plea not guilty, and trial by jury. After the jury were empanneled, the defendant made a motion, in writing, that the cause be dismissed, on the ground, "that the plaintiff, when he prayed out his writ, did not cause a true minute of the day, month, and year when said writ was signed, or any minute whatever to be made on said writ."

The court decided, that if such certificate was necessary, the defendant was too late in making his motion; and overruled the same.

It appeared on trial, that the plaintiff and defendant were adjoining land owners, the plaintiff owning upon the east, and the defendant upon the west; and that originally, the line between them was marked upon the land, and corners made at the north and south ends of the line; but the marked trees towards the north part of the line, had been mostly cut down, and the fence, (a brush fence,) was not on the line, some parts being on the one side and some on the other. That the parties went upon the ground for the purpose of ascertaining where the line was, and of dividing and repairing the fence between them; and that one Sturdevant was also there at the time. They went to the north part of the line where the marked trees were gone, and where the trespass was said to have been committed, and the plaintiff went to a certain point in the woods, either at or near the north end of the line, and told the defendant, who was some fifteen rods distant, that it was the corner. Whether the plaintiff went to the true corner or not, did not distinctly appear; the testimony of the plaintiff tending to show that he did go to the true corner; and the testimony of defendant tending to show that he did not, but that plaintiff was a short distance east of it. The parties made, at this time, a division of their fence,

the defendant taking the said north part for his share of the fence; and he then began to repair the brush fence. The defendant also offered testimony tending to show, that the said Sturdevant, who was a neighbor, and happened to be present, without any request from the defendant, began to assist the defendant in repairing the said brush fence. That in so doing, said Sturdevant cut a few small trees and poles east of the division fence and east of the line between plaintiff and defendant; and this cutting by said Sturdevant, was the trespass complained of. It also appeared from defendant's testimony, that at the time said Sturdevant began to cut, the defendant told him, that he must be careful and not cut over the line. The line, a portion of the way, was in dispute on the trial. It appeared that the defendant in repairing the fence, went on the west side, and said Sturdevant on the east side, and in this way passed over the whole of that part of the division, which defendant was to repair, each cutting on his side of the fence small trees and poles, and putting the same on the fence, and thus repairing it. The defendant claimed, and so said Sturdevant testified, that Sturdevant in what he did, in cutting and repairing the fence, was a mere volunteer, and that he did not act at the request of the defendant, and that he was not in the employ of the defendant. The defendant therefore claimed that he was not liable for Sturdevant's acts; and that as he requested Sturdevant not to cut over the line on plaintiff's land, Sturdevant in so doing, acted against the wishes and without the authority of defendant, and that no assent could be inferred or implied from the defendant's presence and knowledge of the acts being done.

Defendant also claimed, that if the jury found that the plaintiff, when he pointed out the north corner, pointed it out as further east than the true corner, it amounted to a license; and that if defendant or Sturdevant did not cut further east than the line would have been, assuming the corner thus pointed out by plaintiff to be the true corner, it amounted to a license, and that defendant would not be liable.

Plaintiff's testimony tended to prove, that he, the plaintiff, told them before they began to mend said fence, not to cut on his side of the fence. It also appeared, that where said fence run it was wood land, but that the land east of the fence was enclosed with the plaintiff's cleared land, and occupied by plaintiff; and that the

land west of said fence was enclosed with defendant's cleared land, and occupied by and in defendant's possession. On the points above stated, and made by defendant, the court,—PECK, J., presiding,—charged the jury as follows:

That in order to entitle the plaintiff to recover, the jury must find, that some cutting was done or trespass committed east of the division fence and east of the division line between the plaintiff's and defendant's land; that for any cutting or trespass west of the true line, although east of the division fence, the plaintiff could not recover for want of title to the premises where such trespass was committed; and that for any cutting done or trespass committed east of the true line, if west of the division fence, the plaintiff could not recover, for want of possession, and by reason of the defendant being in possession of the land west of and up to the division fence; but for any cutting done, or trespass committed by defendant, which was both east of the division fence, and east of the division line between plaintiff and defendant, if done on plaintiff's land, or land in plaintiff's possession, the defendant would be liable. On the point made in relation to defendant's liability for the acts done by Sturdevant, the court charged the jury, that if Sturdevant was cutting for defendant's benefit and in his presence, and with his knowledge and consent, the act of Sturdevant would be the act of defendant, for which defendant would be liable, even if Sturdevant had not been employed by defendant, and defendant did not advise or direct such act to be done; or if defendant knew at the time when Sturdevant was cutting and did not object, but assented to it, and it was an act beneficial to defendant, and done for defendant's benefit, the defendant would be liable for such act of Sturdevant; and that the question, whether what was done by Sturdevant was done by the consent of defendant or not, was a question of fact for the jury to find; and that they might or might not find such consent of the defendant, as they might think the evidence warranted; that if they did not find such assent, or that the cutting or trespass by Sturdevant, was not done by defendant's assent, the defendant would not be liable for the acts of Sturdevant; but if Sturdevant was cutting for defendant's benefit, and his acts were beneficial to defendant, and he was cutting by defendant's assent, even if defendant told him not to cut over the line on plaintiff's land, yet, if Sturdevant, by mistake, not knowing and not

having the means of knowing where the line was, cut over the line on plaintiff's land and possession, such act of Sturdevant would be the act of defendant; but if Sturdevant was cutting even with defendant's consent or direction, and knowingly or wilfully without defendant's consent or direction cut over on plaintiff's land or possession, the defendant would not be liable for such act.

In reference to what was claimed, as to a license, the court told the jury, that even if they should find that plaintiff pointed out the corner further east than the true corner, and that defendant and Sturdevant did not either of them cut further east than the line would be, assuming the corner thus pointed out to be the true corner, if such evidence had a tendency to prove a license, it would not be a defence under the general issue, that in order for defendant to avail himself of that evidence, as a license, it should have been pleaded; but that such evidence was proper for the jury to consider and weigh, in reference to the question of fact, where the true line was, and in that point of view, it had a tendency to show that the true line was further east, than the line claimed by the plaintiff on trial.

To the decision of the court overruling the motion to dismiss, and to the omission of the court to charge as requested, and to the charge as given, the defendant excepted.

The jury returned a verdict for plaintiff.

*A. Burt* and *A. O. Aldis* for defendant,

Insisted, that the motion to dismiss ought not to have been treated as a dilatory plea. That the decisions in cases called analogous, are founded upon the phrase in the statute, shall on motion "*abate.*"

The learned counsel also urged with ability, and great ingenuity, the points made in the trial of the case below. The points sufficiently appear in the statement of the case.

*H. R. Beardsley* for plaintiff,

Insisted, that the decision of the court below, overruling the motion to dismiss, was fully sustained in *Pollard* v. *Wilder*, 17 Vt. 48, and *Wheelock* v. *Sears*, 19 Vt. 559. The counsel for plaintiff, also, discussed with ability and at length, the points made in the trial of the case below; and insisted that the rule in *Trespass Qua.*

*Clau.*, was, that if defendant would justify the entry, on the ground of license, he must plead it.

The opinion of the court was delivered by

REDFIELD, CH. J.   I. The first objection taken in this case, by way of motion to dismiss, on the ground, that no proper minute of the time of issuing the writ, was made by the authority signing the same, coming, as it did, only at the time of trial by the jury, has been more than once decided, by this court, to be out of time. *Wheelock* v. *Sears*, 19 Vt. 559.   *Pollard* v. *Wilder*, 17 Vt. 48. The plea of not guilty, is regarded, as a waiver of all dilatory defences, and this, under the present statute, is so regarded; such defences must be presented at the first term, and before pleading to the merits.

II. The other objection depends a good deal upon the construction of the testimony.   It is a small cause and seems to have been pretty thoroughly tried, in the county court, and we have not been able to see very clearly any error in the trial.   Sturdevant, although a volunteer, seems to have undertaken the office of a servant to the defendant *pro hac vice*, and to have been suffered to proceed in his service, without objection, or any other restriction, except to be careful not to cut trees standing upon the plaintiff's land; but he did cut trees on the plaintiff's land, negligently, and for want of proper information, and upon every principle of the relation of master and servant, the defendant must be regarded, as liable for the act.   If one could always excuse himself from liability for the acts of his servant, by giving such instructions, the liability would be reduced to cases of express assent.   And in the present case, the act being done, in the presence of the defendant and for his benefit, and he not dissenting, in any manner, must be regarded, as assenting.   As the evidence stood, there could be no reasonable doubt of defendant's liability for the acts of Sturdevant, upon either of these grounds, and we think, the case was correctly submitted to the jury, upon both grounds.

III. The other point made is certainly presented, with a commendable degree of ingenuity, but we cannot perceive that it amounts to anything more, than testimony having some supposable tendency to show, that the plaintiff might himself have misled the defendant, as to the exact location of the dividing line between

them. If this were so, the parties would thus for the time, be laboring under a mutual mistake. The most we could make out of this is a license to the defendant, to occupy the land, as his own. It would not make it so, unless the occupation continued fifteen years. The permission would be revocable, at any time, upon the plaintiff's discovering the mistake. What is this then more than a license to defendant, to do all the acts he does do, until the license is revoked? It is true these acts are not trespasses, but lawful acts. But in order to have that so appear, *it must be proved*, for in the law, *de non apparentibus, et non existentibus eadem est ratio*. And to be proved it must come in under the proper issue. And as a license cannot be shown under the general issue, and no other issue is formed in this case, it is the same, as if no such proof existed, or was offered. We do not perceive how this case differs from what it would be, if the plaintiff in terms had given permission to do the act complained of, and in that case confessedly no defence could be made under the general issue.

Judgment affirmed.