### DARIUS S. PARKS *v.* THOMAS PRATT AND MYRON WILLARD.

#### *Trespass. License.*

In trespass *qua. clau.* it appeared that defendant asked plaintiff, who was owner of adjoining land, and a surveyor, if he knew where the line was between their lands, and told him he wished to know, that he might cut some wood. Plaintiff said he did, and took his compass and went with defendant onto the land, and with him ascertained and marked what they supposed to be, but what in fact was not, the true line. The line so marked was on plaintiff's land. Defendant afterwards, supposing he was on his own land, cut wood on land between the line so marked and the true line, and so committed the act complained of. *Held*, that defendant had license to occupy to the line so marked.

TRESPASS *qua. clau.* Pleas, general issue and license. The case was referred, and the referee found the following facts :

The plaintiff and defendant Willard were owners of adjoining lands. Willard derived title from his father-in-law, the defendant Pratt. In 1868 Pratt went to the plaintiff, who was a surveyor, and asked him if he knew where the dividing line was, telling him that he wished to know, that he might cut some wood. The plaintiff replied that he did, and took his compass and went with Pratt onto the land, where they ascertained and marked what they supposed to be the true line through a part, but not all, of its length. The line so ascertained and marked was not in fact the true line, but was on the plaintiff's land. In the following winter, the defendants, without authority from the plaintiff other than such as might be implied from the marking of the line as aforesaid, but supposing that they were on their own land, entered on the land between the line so marked and the true line, and cut and carried away wood and timber of the value of $35, and so committed the trespass complained of. The referee found for the plaintiff to recover that sum with interest.

The defendants excepted to the report, and at the September Term, 1879, the court rendered judgment for the defendants ; to which the plaintiff excepted.

57

*Frisbie & Miller* and *M. G. Everts*, for the plaintiff, contended that license could not be inferred from the facts found.

*Fayette Potter*, for the defendants, contended otherwise, and cited *Hill* v. *Morey*, 26 Vt. 178.

The opinion of the court was delivered by

ROYCE, J.    This was an action of trespass on the freehold to recover damages for cutting wood and timber on plaintiff's land. Plea, the general issue and license.    The parties were adjoining land owners.    The defendant applied to the plaintiff, who was a surveyor, to know where the dividing line was, and at the same time told him that he wanted to know where the line was so as to cut some wood.    The plaintiff told the defendant that he did know where the line was, and took his compass and went with the defendant upon the land, and ascertained and marked what they both supposed to be the true line, through a part of the distance between their respective lands.    The line thus ascertained and marked was not in fact the true line.    The defendant, supposing that said line was the true line, cut the wood and timber, which is the trespass complained of, and believing it to be on his own land. We think that what was said and done by the plaintiff in pointing out and marking the line was in legal effect a license to the defendant to occupy to that line—and until revoked would justify the occupancy by the defendant to that line.    *Hill* v. *Morey*, 26 Vt. 178.

*Judgment affirmed.*