## PINEUS v. RAILROAD.

### (Filed March 6, 1906).

*Railroads—Flag Stations—Station Premises—Passengers—Negligence.*

1.  Where plaintiff arrived at a flag station on defendant's railroad, with his trunks, which were placed with checks on them in defendant's warehouse located on its right of way, and used for storing baggage and before the arrival of the next train, plaintiff went with defendant's clerk to this warehouse to recheck the trunks and after rechecking them started to take the approaching train, having a mileage book, and stepped in a hole in the platform adjoining the warehouse, and was injured, *held*, plaintiff was a passenger when injured and there was sufficient evidence of negligence to be submitted to the jury.

2.  The duty of a railroad company in respect to keeping safe station premises extends to all who rightfully come upon the premises on legitimate business to be transacted with its agent, and this duty extends to flag as well as regular stations.

ACTION by H. Pineus against Atlantic Coast Line Railroad Co., heard by *Judge Jas. L. Webb* and a jury, at the November Term, 1905, of the Superior Court of EDGECOMBE.

This was an action to recover damages for injuries sustained on the platform of defendant's warehouse. From a judgment of nonsuit, the plaintiff appealed.

*Thorne, Gilliam & Gilliam* for the plaintiff.
*John L. Bridgers* for the defendant.

BROWN, J. The testimony most favorable to plaintiff tends to prove that he arrived at Sharpsburg on defendant's railroad, with his trunks, which were placed with checks on them in defendant's warehouse by direction of Dawes, defendant's agent, and they remained in custody of defendant while plaintiff was at Sharpsburg, which was from one train

PINEUS *v.* RAILROAD.

to the next southbound train. The warehouse was on defendant's right-of-way and used by defendant for freight purposes. Defendant's agents testified that passengers' baggage was stored and handled in the warehouse on this platform. Plaintiff's baggage had been previously stored there and he had gotten on and off the train there. Shortly before arrival of next train defendant's agent sent his clerk with plaintiff to this warehouse for the purpose of rechecking the trunks to Elm City. After rechecking the trunks plaintiff started to take the approaching train. It was at night; there was no light on the platform and it was encumbered with cotton. Plaintiff stepped into a hole in the platform and was injured. Plaintiff had a mileage book good on defendant's road.

If these facts are true plaintiff was a passenger when injured. He had a right to seek his baggage and recheck it. It matters not whether Sharpsburg was a regular or a flag station, the defendant owed plaintiff the duty to provide a safe platform, especially as plaintiff entered on it at invitation of defendant's agent for a legitimate purpose. *Daniel v. Railroad,* 117 N. C., 592. The duty of a railroad company in respect to keeping safe station premises extends to all who rightfully come upon the premises in pursuance of the invitation which it holds out to the public, and embraces all who come there on legitimate business to be transacted with its agent. Wood on Railways, pp. 310, 1341, 1349; *Beard v. Railroad,* 48 Vt., 101; 6 Cyc., 605, 610. There was, in our opinion, sufficient evidence of negligence to be submitted to the jury under appropriate issues.

It is contended that there is a variance between the allegations of the complaint and the proof. We do not think the alleged variance sufficient to justify a nonsuit. It may be well to amend the complaint, although we do not decide that it is insufficient as it is. The nonsuit is set aside.

New Trial.