RAY v. RAILROAD.

(Filed April 10, 1906).

*Railroads — Negligence — Contributory Negligence — Last Clear Chance.*

1.  It is a negligent act to back a train into a railroad yard where persons, passengers or others are accustomed to stand or move about, either as a right or in the discharge of some duty, or by permission of the company evidenced by established usage, without warning of any kind and without having some one in a position to observe the condition of the track and signal the engineer or caution others in case of impending peril.

2.  While one rightfully, or by permission, on or dangerously near a railroad track is required to look and listen, this obligation may be so qualified by facts and attendant circumstances as to require that the question of contributory negligence should be submitted to the jury.

3.  If the plaintiff is at the time rightfully upon the track or sufficiently near it to threaten his safety, and is negligent, and so is brought into a position of peril, if the defendant company by taking a proper precaution and keeping a proper lookout could have discovered the peril in time to have averted the injury by the exercise of proper diligence, and negligently fails to do it, the defendant would still be responsible, though the plaintiff also may have been negligent in the first instance.

ACTION by J. C. Ray against Aberdeen & Rock Fish Railroad Co., heard by *Judge G. S. Ferguson* and a jury, at the October Term, 1905, of the Superior Court of SCOTLAND.

There was allegation and evidence tending to show that on or about December the 26th, 1900, the plaintiff was a passenger on defendant's train going to Aberdeen, N. C. About a half mile from Aberdeen the train was run on to a "Y" and backed in towards the depot, and at a point about 200 yards from the depot the train was stopped, and on a call from the conductor, "All off for Aberdeen," the plaintiff

and other passengers alighted, getting off at the rear end of the train. At this point there was no depot or waiting room, and the defendant's track was some 30 feet from the track of the Seaboard Air Line Railroad. The track on which the defendant's train was then placed, and in the direction in which the same had been backing and towards the depot, inclines gradually towards the track of the Seaboard road, and the two tracks join some distance above the depot. It seems that this depot is used by both roads, but this is not clear from the statement of the case on appeal. A few moments after getting off the train, the plaintiff went down the road towards the depot, walking between the tracks of the two roads, and at a point near where the two roads joined and where they were 3 or 4 feet apart, a train on the Seaboard track came, meeting the plaintiff, and being called to by some one on the Seaboard engine to jump for his life, the plaintiff in the effort to avert injury by the Seaboard train, sprang on to the track of the defendant's road and was struck and seriously injured by the defendant's train, which had backed down the road towards the depot, and in the same direction in which the plaintiff had been walking. No bell was rung or signal given by the train of the defendant which caused the injury, and no one was on the car or elsewhere to keep a lookout and warn a person or signal the engineer of danger, and the noise and smoke of the train on the Seaboard road was such that the plaintiff could not well note what was going on. At the close of the testimony, on motion of the defendant, the court dismissed the action as on judgment of nonsuit and the plaintiff excepted and appealed.

*J. A. Lockhart, E. H. Gibson* and *W. H. Cox* for the plaintiff.

*U. L. Spence* for the defendant.

HOKE, J., after stating the case: Upon the foregoing facts

the court is of opinion there was error in directing a non-suit, and the plaintiff is entitled to have his cause submitted to a jury under proper instructions. It was a negligent act to back a train onto a railroad yard where persons, passengers or others were accustomed to stand or move about, either as of right or in the discharge of some duty, or by permission of the company, evidenced by established usage without warning of any kind and without having some one in a position to observe the condition of the track and signal the engineer or -caution others in case of impending peril, and if such an act was the proximate cause of the plaintiff's injury the issue as to the defendant's negligence should be answered against the company., This was in effect held in *Purnell's case,* 122 N. C., 832; *Smith's case,* 132 N. C., 819; *Lassiter's case,* 133 N. C., 244. There was evidence tending to show that the defendant's train was backed on the yard where passengers had just alighted, in the direction in which some of them would likely go, without warning of any kind and without having any one to note whether the way was clear. If these facts are established and it is further shown, as the proximate consequence of such negligent act, that the plaintiff was injured as alleged, the cause of action on the issue as to the defendant's negligence comes clearly within the principle of the above decisions. And on the conduct of the plaintiff, the effect of which is usually determined on an issue as to contributory negligence, we think the question must be submitted to a jury.

In *Sherrill's case,* 140 N. C., 252, the court held that while one rightfully or by permission, as stated, on or dangerously near a railroad track is required to look and listen, this obligation may be so qualified by facts and attendant circumstances as to require that the question of contributory negligence should be submitted to the jury, and so we hold here. While the plaintiff is required to be alert and attentive, we think that the approach of the other train, and the

noise, steam and smoke attending it, and the fact that he had just alighted from the defendant's train, which he had just left standing in the yard behind him, and the other attendant facts and circumstances, so qualify his obligation that the jury should determine under a proper charge whether the plaintiff was guilty of contributory negligence in stepping suddenly in the way of the defendant's train, or in having negligently placed himself in a position where the emergency was brought upon him.

In 1 Fetter on Carriers of Passengers, section 136, it is said: "So where a passenger is carried beyond a station and into the switching yard, and is struck by an engine on the way out of the yard, it is for the jury to determine whether she, with such knowledge as she possessed of the peril of the place and with the presumption she was entitled to indulge as to the degree of care which the defendant's employees would exercise for her protection, was herself guilty of negligence which proximately contributed to her injury."

The facts in this case are not unlike those in *Hempenstall v. Railroad,* 89 Hun., 285, where it was held that the question of contributory negligence was for the jury. See also *Tubbs v. Railroad,* 107 Mich., 108. If negligence on the part of the defendant is established and the jury should also find that the plaintiff was guilty of contributory negligence, on the ground that he was negligent in going into a dangerous position without being properly attentive to his own safety, the facts seem to require the submission of a third issue involving the question whether the defendant, in this instance, negligently failed to avail itself of the last clear chance of avoiding the injury.

The authorities are to the effect that if the plaintiff is at the time rightfully upon the track or sufficiently near it to threaten his safety, and is negligent, and so brought into a position of peril, if the defendant company by taking a proper precaution and keeping a proper lookout could have

discovered the peril in time to have averted the injury by the exercise of proper diligence, and negligently fails to do it, the defendant would still be responsible, though the plaintiff also may have been negligent in the first instance. *Lassiter's case, supra; Reed's case,* 140 N. C., 146; *Balto., etc., Ry. Co. v. Cooney,* 87 Md., 261. There was error in directing a nonsuit and a new trial is awarded.

New Trial.