C. E. MANGUM v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 10 October, 1907).

**Railroads—Negligence—Duty to Passengers—Platforms—Ingress and Egress.**

> A railroad company owes a duty to its passengers to keep its depot platforms used by them as a means of egress and ingress free from obstructions and dangerous instrumentalities, especially at a time when its passengers are hurrying to and from its cars. And it is responsible for the actionable negligence of a newspaper porter in carrying a truck of newspapers to the train, when it customarily permitted such to be done if the papers were sent to the train too late for its own employees to reasonably handle them, not being compelled to receive them under such circumstances.

CIVIL ACTION, tried at February Term, 1907, of WAKE Superior Court, before *Jones, J.,* and a jury.

These issues were submitted: 1. Was plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans. "Yes." 2. Did plaintiff, by his own negligence, contribute to the injury complained of? Ans. "No." 3. What damage, if any, is plaintiff entitled to recover? Ans. "$7,500." From the judgment rendered defendant appealed.

*Charles U. Harris* for plaintiff.
*F. H. Busbee* and *A. B. Andrews, Jr.,* for defendant.

BROWN, J. The evidence tends to prove that the plaintiff, on the night of 4 July, 1903, was a passenger on defendant's

train, *en route* from Raleigh to Danville, Va.   He passed through the gates of the defendant's station at Raleigh, and as he was walking along the platform used by passengers to reach the cars he was run into and seriously injured by a truck loaded with newspapers.   It was in evidence that the man in charge of the truck was not employed by the railroad, but was employed by a newspaper, and it was his business to handle the newspaper mail.   When the newspaper mail reaches the station in time it is the custom for the railroad truck hands to take the mail from the gate down to the train. When the newspapers arrive too late to be taken at the gate by the truck hands the man who brings the newspapers down from the office takes them down to the cars and delivers them to the mail agents at the mail car.   Witness R. E. Lumsden testified that the newspaper mail was handled by the railroad porters when it got to the gate before the transfer clerk and the porters went down with the regular mail.   If it arrived in time the railroad porters took the mail down to the mail car, but if the newspaper mail got to the gate after the porters had gone down with the mail, the person who brought the newspaper mail took it down to the mail car and unloaded it. "When we went down with the mail on the night of 4 July, 1903, the newspaper mail had not come.   A colored boy, named Lunsford Davis, handled the newspaper mail to the depot for the newspaper at that time."   The witness heard of the accident either that night or the next day.

The only question presented for our consideration is the liability of defendant to plaintiff for the negligence of the newspaper porter, upon the above facts. · It seems now to be almost elementary that one of the recognized duties of a railway company that undertakes to carry passengers is to keep its station premises in a reasonably safe condition, so that those who patronize it may pass safely to and from the cars. *Pineus v. Railroad,* 140 N. C., 450; Wood on Railways, 310, 1341, 1349.   This duty extends not only to the condi-

tion of the platform itself, whereon passengers· walk to and from the trains, but also to the manner in which that platform is allowed by the common carrier to be used. *Western v. Railroad Co.,* 73 N. Y., 595; Wood, *supra.* The defendant owed a duty to plaintiff, and to all other passengers, to keep its depot platforms used by them as means of ingress and egress free from obstructions and dangerous instrumentalities, especially at a time when its passengers are hurrying to and from its cars. *Pineus v. Railroad, supra; Railroad v. Johnson,* 36 Kan., 769.

The fact that the injury to plaintiff was inflicted· by the negligence of the newspaper porter, who, with defendant's consent, was on his way from the gates to the mail car with the truck loaded with papers, does not relieve the defendant from its contractual obligation to plaintiff, and we find no authority which sustains the contention .that it does. , The liability does not arise because defendant might reasonably have anticipated just what happened, but grows out of its duty to plaintiff to furnish him reasonably safe passage to the train.    The defendant is not bound to accept newspapers and deliver them to the mail car unless the newspaper company delivers its papers at the gates in *reasonable* time for the defendant, through its own agents and employees, to take them at the gates and transport them to the mail car. If the defendant customarily permitted the newspaper porter, when late in his delivery, to push the truck along the platform inside the gates when passengers are hurrying to and fro, the defendant must be liable for the porter's negligent conduct while using the station platform, upon the principle that it has temporarily accepted him as its servant.    *Railroad v. Gustafson,* 21 Col., 393; *Kimball v. Cushman,* 103 Mass., 194; *Hill v. Morey,* 26 Vt., 178; *Oil Creek v. Kreighton,* 74 Pa., 316; *Demmitt v. Railroad,* 40 Mo. Appeals, 654.

The fact that the newspaper company may also be liable for the negligence of its servant as a tort does not relieve the defendant from its contract obligations to furnish plaintiff a safe passage to its train. The case of *Fritz v. Railroad,* 132 N. C., 829, pressed upon our attention, has no relation, we think, to the case at bar. In that case the plaintiff, while alighting from the train, was injured by another passenger, who was attempting to make his way into the car and accidentally struck plaintiff on the knee with his valise. The Court held in that case that such conduct on the part of the passenger could not reasonably have been anticipated by the company's agents. For the same reason, the case of *Muster v. Railway,* 61 Wis., 325, cited by defendant, is no authority, in our opinion, to sustain its contention. In that case a postal clerk negligently threw out a mail bag at an unusual place, where he had never before thrown it. The Court held that the company could not anticipate such conduct, and, therefore, was not called upon to take precautionary measures to prevent injury. On the contrary, it is held in *Snow v. Railway,* 136 Mass., 552, that a passenger, waiting on a platform at the railroad station for a train, and injured by a mail bag being thrown from a passing train, such throwing being *customary* and well known to the company, may recover of the railroad company therefor. The decision is put upon the ground that, although the postal clerk is not the agent of the railroad company, but is the agent of the National Government exclusively, the custom being known to the company, it must take precautions to protect its passengers from injurious consequences.

It is true, as contended by counsel, that there is no proof whatever that defendant is under any contractual obligation, or duty, to receive the mail intended for the mail car at the station gates when the newspaper is late in reaching the train. But if, nevertheless, they do receive the papers on such occasions, and customarily permit the newspaper porter

to discharge the duty their hired employees otherwise discharge, they must be held to liability to passengers if they are injured by such porter's negligence while on the platform.

The only exception to the evidence was abandoned by appellant upon the argument. We have examined the charge carefully, and find it fair, free from error and in line with the views expressed in this opinion.

No Error.