Beck v. R. R., 149 N.C. 168, cited and distinguished.
Civil action to recover damages for physical injury to plaintiff, caused by the alleged negligence of defendant company in backing certain cars into a siding and against other stationary cars therein without giving adequate warning and by reason of which plaintiff received the injuries complained of.
Defendant answered, denying any negligence of its part, and pleaded contributory negligence on part of plaintiff as the proximate cause of the injury. On the ordinary issues in these cases, negligence and contributory negligence, there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed.
There were facts in evidence on part of plaintiff tending to show that there was a spur track from defendant road running into the yards of the Chadbourn Lumber Co., in the southern part of the city of Wilmington, this track leaving main line and curving sharply as it entered the yard from the east; that the shops, planing mill, etc., were on the south side of the track, six or eight feet therefrom, and the mill yard extended across the track for purposes of its work; that, in leaving cars, etc., in the yard, at and near the shops, it was the custom to leave a space between them so that the hands, having occasion to do so, could cross between the cars from one part of the yard to the other; that south of the track and between the shops and the main line, where the spur track left it, there were piles of lumber, obstructing the view towards the main line; that, at the time of this occurrence, there were three cars stationary on the spur, at or near the front of the shops, the first towards the east being an empty box car, then an unloaded flat car, and, last, a loaded box car, the spaces there having been left, as stated, for the convenience of the hands in passing from one part of the yard to the other; that about 5:30 p.m. on the afternoon of 13 March, 1913, plaintiff, at work on the north side of the track, had occasion to speak to the foreman in the shop, and crossed the spur track for the purpose, and, as he was returning, having looked for the approach of a train or engine and listened as far as he could when the shops and planing mills were in operation, and there being nothing to indicate the approach of an engine and no one of a train crew in evidence, he started back across the track and, as he did so, and just as he was between the drawheads or couplings of the flat and empty box car, an engine of defendant company, with two or more cars ahead, backed these cars against the empty car, crushing the plaintiff and causing permanent, serious and (361) painful injuries; that this was done without adequate warning on the part of the engineer and without having any one on the cars as they approached or in the yard in a position to warn plaintiff or other hands who might be crossing the track at the time. The evidence tended also to show that there was no stated time when an engine might enter the yard for the purpose of delivering freight or taking off the loaded cars, and there was some evidence, also, on part of plaintiff, that the train crew, or a part of them, were in some kind of play at the time, and paying no attention to conditions as the engine, with the cars in front, moved into the yard on the spur track. There was testimony on the part of defendant that proper warning was given and that the conductor of the train gave full notice of its approach and personally notified plaintiff to get everything clear in the *Page 425 
yard as the train was coming back, and that he was standing in the yard at the time, but that plaintiff came out of the shop and between the cars so suddenly that the movement of the train backward, which had been already signaled, could not be stayed.
Upon this, the evidence chiefly relevant, the jury, under a correct and comprehensive charge, have accepted the plaintiff's version of the occurrence, and, this being true, we are of opinion that an actionable wrong has been clearly established.
Under Johnson v. R. R., 163 N.C. 433; Gerringer v. R. R., 146 N.C. 32;Ray v. R. R., 141 N.C. 84; Purnell v. R. R., 122 N.C. 832840, andLloyd v. R. R., 118 N.C. 1010, and many others of like kind, it was a negligent act on the part of the company or its employees to back its train into a mill yard under the conditions presented.
In Ray's case the principle is stated as follows:
"It is a negligent act to back a train into a railroad yard where persons, passengers or others, are accustomed to stand or move about, either as a right or in the discharge of some duty, or by permission of the company evidenced by established usage, without warning of any kind and without having some one in a position to observe the condition of the track and signal the engineer or caution others in case of impending peril."
The jury, as stated, have found this breach of duty to be the proximate cause of plaintiff's injury; have absolved plaintiff from any culpable negligence on his own part, and we find in the record no valid reason for disturbing the results of the trial.
It was urged, among other things, that defendant's motion for nonsuit should have been allowed because, on the admitted facts, plaintiff, by going down the track a short distance, 60 or 70, or not more than 100 feet, could have passed in the rear of the loaded car and crossed the track in assured safety, and that on his own showing plaintiff was guilty of contributory negligence in endeavoring to cross the track between the cars, on the principle recognized in Beck v. R. R., 149 N.C. 168, but an examination of Beck's case will disclose that the intestate (362) was killed in an attempt, for his own convenience, to cross the track between cars chained together on a live track in constant use, and it was held that, under such circumstances, intestate's death was properly attributable to his own lack of care. But no such conditions appear in this record. On the contrary, as heretofore stated, the testimony as accepted by the jury shows that the cars were separated, intentionally left so that employees might pass between them, and to our minds there is very little, if any, evidence of contributory negligence presented. In this and other aspects the case is not dissimilar to R. R. v. Price, *Page 426 
221 Fed., 828, to which we were cited by the diligence of counsel, and in which the principle more directly applicable is stated as follows:
"A railway station was situated between parallel tracks with a platform serving each track. From the platforms passageways led to a street crossing the tracks a short distance from the station. Adjoining the track on the south side of the station, and separated from it only by a fence, was a parkway, the property of the railroad company, which for many years was used with the company's permission by those going to and from the station in wagons and other conveyances, and the company had opened the fence and built and maintained a passageway from the parkway to the station platform, over which passengers passed from their vehicles to take trains on either track: Held, that the permission, or invitation, to persons going to the station to take a train on the north track, to cross the south track from such parkway placed upon the railroad company the duty to protect the plaintiff against the peculiar hazards of that way, as they might be increased or diminished by the movement of trains across it, and the measure of care and protection which they had a right to expect was not affected by the fact that other ways of reaching the station were provided, not requiring the crossing of the track on the company's premises"; and in that case, as in this, the question of contributory negligence was submitted to the jury on a proper issue.
There is no error in the record, and the judgment in plaintiff's favor is affirmed.
No error.
Cited: Hinson v. R. R., 172 N.C. 649 2d; Hinson v. R. R., 172 N.C. 652
(2j).
(363)