W. L. GIBBS v. SOUTHERN RAILWAY COMPANY.

(Filed 19 December, 1930.)

**Railroads D b—Evidence of wilful or wanton injury to licensee held insufficient to be submitted to jury in this case.**

A person who voluntarily sits for his own convenience upon a freight platform of a railroad company to watch the trains is a permissive licensee to whom the company is not liable except for injuries resulting from its wilful and wanton negligence, and evidence that the employees of the defendant in unloading a car left a plank, used as a gangway, resting between the car and platform, and that the movement of the train dragged it upon and injured the plaintiff as he was sitting on the platform, and that he could have readily observed and avoided the danger, is *held:* not sufficient to take the case to the jury upon the issue of defendant's negligence, and its motion as of nonsuit should have been allowed.

CIVIL ACTION, before *Moore, J.,* at May Civil Term, 1930, of HENDERSON.

The plaintiff offered evidence tending to show that on or about 22 April, 1929, he was sitting on the edge of the freight platform of defendant. The platform is about 12 feet wide. A track of defendant ran near the platform. The testimony showed that the track was from two to seven feet from the platform. While sitting upon the platform a train of defendant passed by and coupled up with a box car. The box

car had been loaded, but the gang plank which extended from the platform to the car, while it was being loaded, was not removed when the loading was completed. When the engine coupled to the box car and began to move the box car, this gang plank was dragged by the movement of the train and struck the plaintiff, who had his back to the gang plank at the time he was struck. The plaintiff had no business upon the premises of the railroad company, but sat down upon the platform to wait for trains to pass. There is no evidence that the defendant knew of plaintiff's presence. The injury happened in daylight and the moving gang plank was in plain view of plaintiff if he had been looking or paying attention.

At the conclusion of all the evidence the trial judge sustained a motion of nonsuit.

*Ray, Redden & Redden for plaintiff.*
*J. E. Shipman and Jones & Ward for defendant.*

BROGDEN, J. What duty does a railroad company owe to a person upon its platform, who has no business upon the premises and is there exclusively for his own convenience?

The injury complained of happened in broad daylight and the moving gang plank was in full view of the plaintiff if he had been exercising any care for his own safety. At most the plaintiff was a bare or permissive licensee, and there is no evidence that the injury resulted from wilful or wanton negligence. Therefore, by virtue of both reason and authority the ruling of the trial judge was correct. *Quantz v. R. R.,* 137 N. C., 136, 49 S. E., 79; *Peterson v. R. R.,* 143 N. C., 260, 55 S. E., 618.

The facts do not bring this case within the principle announced in *Brigman v. Construction Co.,* 192 N. C., 791, 136 S. E., 125, or *Jones v. R. R.,* 199 N. C., 1.

Affirmed.