SOPHIA GOODMAN v. QUEEN CITY LINES, INC., ET AL.

(Filed 26 June, 1935.)

1. **Carriers C d—Bus lines not lessees of station held not liable for injuries from fall sustained by passenger of another bus line.**

    Certain of defendant bus companies using in common with other of defendants a central bus station, but who were not lessees of the station, may not be held liable to a person, a passenger on another bus line, but not a passenger on their lines, nor a prospective passenger thereon, for personal injuries sustained by such person from a fall occurring when such person stepped down a slight depression in the station upon the wet floor.

2. **Same—Lessee bus lines held not liable for injuries from fall in station sustained by passenger of another line, in absence of wanton negligence.**

    Certain defendant bus companies who were lessees of a common station *are held* not liable to a passenger of another bus company who was not a passenger on their lines, nor a prospective passenger thereon, for personal injuries sustained by such person from a fall occurring when such person stepped down a slight depression in the station upon the wet floor, in the absence of evidence of wilful or wanton negligence on the part of such bus lines, the injured person being a mere permissive licensee in relation to such companies.

3. **Carriers C a—Under facts of this case, plaintiff did not lose status as passenger by temporarily alighting from bus.**

    Plaintiff was a passenger on a bus line. The bus stopped at an intermediate point, and plaintiff was told that the bus would stop at such terminal for thirty minutes for rest and lunch. Plaintiff left the bus and went into the bus station, through the ladies' rest room to the toilet, and sustained a personal injury from a fall while returning to the rest room. *Held:* Plaintiff left the bus for the purpose stated with the express or implied consent of the bus company, and did not lose her status as a passenger by temporarily alighting from the bus under the circumstances.

4. Same—Question of bus company's negligence in failing to furnish passenger reasonably safe accommodations held for jury under the evidence.

   Plaintiff, without losing her status as a passenger, left the bus and went to the toilet in the station at an intermediate point, and was injured in a fall occurring when she stepped down a depression of about six inches in the floor of the station, upon her return from the toilet to the ladies' rest room. The evidence was conflicting as to whether there was sufficient light at the place, and as to whether the floor was slippery and wet. *Held:* Defendant's motion as of nonsuit was properly refused, the question of negligence being for the jury, upon the principle that defendant was under duty to furnish its passenger reasonably safe accommodations.

APPEAL by defendants from *Cowper, Special Judge,* at August Special Term, 1934, of MECKLENBURG.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants.

On 15 January, 1933, the plaintiff purchased a ticket in Charlotte, N. C., and became a passenger on a bus of the Queen City Lines, Inc., for Atlanta, Ga. When the bus reached the Union Station in Greenville, S. C., the driver made the general announcement that the bus would stop at said terminal for thirty minutes for lunch and rest. Whereupon the plaintiff left the bus, went into the station, through the ladies' rest room, into the toilet, and, on returning from the toilet to the rest room, she stepped down a slight depression of about six inches on to the wet floor—unnoticed at the time because of the dimness of the light—which caused her to slip and fall, causing serious injuries.

The defendants' evidence is in sharp conflict with that of the plaintiff's, both as to the sufficiency of the light and also as to the slippery condition of the floor.

It is in evidence that under a regulation of the South Carolina Railroad Commission only one bus station is permitted in the city of Greenville, and all bus lines carrying passengers in and out of said city are required by said regulation to discharge and take on passengers at this central station.

The defendant Queen City Lines, Inc., used the Union Bus Station of Greenville for taking on and discharging passengers, and, on the particular occasion had a stop-over at this station of thirty minutes.

The defendants Camel City Coach Company, Skyland Stages, Inc., and Queen City Coach Company were lessees of the bus station in question, according to the lease introduced in evidence by the plaintiff.

The defendants Atlantic Greyhound Lines of North Carolina, Inc., Eagle Bus Lines, Inc., and W. M. Shelton, trading as The Red Top Bus Lines, were neither lessees of the station, under the evidence, nor carriers of the plaintiff as a passenger.

Charles F. Nimmo testified that he was agent and manager of the Union Bus Station in Greenville on 15 January, 1933, and sold tickets over all the bus lines that stopped or passed there.

The defendants seasonably demurred to the evidence and moved for judgments as of nonsuit under the Hinsdale Act, C. S., 567. Overruled; exceptions.

The usual issues of negligence, contributory negligence, and damages were submitted to the jury and answered in favor of the plaintiff.

Judgment on the verdict, from which the defendants appeal, assigning errors.

*Charles W. Bundy, Arthur Goodman, and Plummer Stewart for plaintiff.*

*Kenneth J. Kindley and Cansler & Cansler for defendant Queen City Lines, Inc.*

*John M. Robinson and Hunter M. Jones for defendants other than Queen City Lines, Inc.*

STACY, C. J. It is not perceived upon what theory the defendants Atlantic Greyhound Lines of North Carolina, Inc., Eagle Bus Lines, Inc., and W. M. Shelton, trading as The Red Top Bus Lines, can be held liable for plaintiff's injuries. These lines were not lessees of the station in which she was injured, nor was the plaintiff a passenger on any of them, either actual or prospective. She did not intend to become such. The demurrer to the evidence, interposed by these defendants, should have been sustained.

The defendants Camel City Coach Company, Skyland Stages, Inc., and Queen City Coach Company were lessees of the building in which plaintiff was injured. As to them, the plaintiff was a permissive licensee. *Quantz v. R. R.,* 137 N. C., 136; *Railway v. Thompson,* 77 Ala., 448; *Union Depot, etc., R. Co. v. Londoner,* 50 Colo., 22, 114 Pac., 316, 33 L. R. A. (N. S.), 433. She was not, and did not intend to become, a passenger on any of these lines. So far as they were concerned, the plaintiff entered the station for her own convenience. *Peterson v. R. R.,* 143 N. C., 260, 55 S. E., 618, 8 L. R. A. (N. S.), 1240, 118 Am. St. Rep., 799. In *Louisville, etc., Ry. Co. v. Treadway,* 142 Ind., 475, 40 N. E., 807, it was held (as stated in 3d headnote, which accurately digests the opinion) : "Where intersecting railroads use a common depot, and a person at the depot at night, for the purpose of taking passage on one of the roads, is injured on account of the failure to properly light the platform, the other road, which ran no trains during the night, is not liable for the injuries."

The case of *Peters v. Detroit, etc., R. Co.,* 178 Mich., 481, cited and relied upon by plaintiff, is not authority for the position taken. The

point for which the case is cited is expressly not decided, as witness the following: "Whether, if plaintiff's business there had been with the Pere Marquette Railroad Company only, the Detroit and Mackinac Railway Company would have owed him a duty is a question not presented."

There is no evidence of any wilful or wanton negligence on the part of the lessees of the premises. Hence, the demurrer to the evidence, interposed by these defendants, should have been sustained. *Monroe v. R. R.,* 151 N. C., 374, 66 S. E., 315; *Gibbs v. R. R.,* 200 N. C., 49, 156 S. E., 138.

With respect to the Queen City Lines, Inc., the plaintiff did not lose her status as a passenger by temporarily alighting at an intermediate station, for the purpose stated, with the express or implied consent of the carrier. 10 C. J., 628. It has been held that the duty to furnish reasonably safe platforms and the like does not apply to a passenger who leaves a train at an intermediate station. 10 C. J., 923. It is otherwise, however, where the passenger, as in the instant case, does so at the express or implied invitation of the carrier. *Mangum v. R. R.,* 145 N. C., 152, 58 S. E., 913, 13 L. R. A. (N. S.), 589, 122 Am. St. Rep., 437; *Pineus v. R. R.,* 140 N. C., 450, 53 S. E., 297.

The demurrer to the evidence was properly overruled as to the Queen City Lines, Inc. *Dean v. Yelloway Pioneer System,* 259 Ill. App., 180; *Sanchez v. Pacific Auto Stages,* 2 Pac. (2d) (Cal.), 845.

It follows, therefore, that the judgment must be affirmed as to the Queen City Lines, Inc., and reversed as to the other defendants.

On appeal, Queen City Lines, Inc.,
No error.

On appeal, other defendants,
Reversed.