C. C. PERRY, ADMINISTRATOR OF THE ESTATE OF JIM BRANCH, DECEASED, v. ROBERT C. DAVIS AND LEGH R. POWELL, JR., AND HENRY W. ANDERSON, RECEIVERS OF SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 4 May, 1938.)

**1. Appeal and Error § 40e—**

Upon appeal from the overruling of a motion to nonsuit, the evidence must be reviewed to ascertain whether there is any competent evidence to support plaintiff's cause of action, considering the evidence in the light most favorable to plaintiff.

**2. Trial § 22b—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff.

**3. Carriers § 15—Conflicting evidence held properly submitted to jury upon question of whether deceased at time of injury was a passenger.**

Plaintiff's evidence tended to show that his intestate was a Negro, that there were not at the time any accommodations for Negroes in the passenger station, that intestate entered upon the railroad premises near the passenger and freight station shortly before the train was due to leave, for the purpose of boarding a caboose used as a passenger car which was standing some twenty feet from the station, that while on the railroad yard and on or near a sidetrack between the station and the

caboose, intestate was struck and killed by a freight car which had been set in motion without warning in making a flying switch. Defendants' evidence tended to show that intestate was eighty yards from the passenger station when struck, and not in such place or position as to indicate to defendants that he intended to become a passenger, and that therefore defendants owed intestate no higher duty than that owed a mere licensee. *Held:* The conflicting evidence was properly submitted to the jury, the evidence being sufficient to make out a case in plaintiff's favor on the issue of negligence if the jury should find from the evidence that intestate at the time of the injury was a passenger.

**4. Carriers § 21d—**

Evidence *held* not to establish contributory negligence as matter of law on part of passenger struck while on the railroad premises by freight car set in motion without warning in making a flying switch.

**5. Appeal and Error § 24—**

When there is no exception to the charge it will be presumed that the principles of law applicable to the different views of the evidence were correctly and fairly presented to the jury.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Sinclair, J.,* at November Term, 1937, of FRANKLIN. No error.

This was an action to recover damages for the wrongful death of plaintiff's intestate, alleged to have been caused by the negligence of the defendants, the receivers of the Seaboard Air Line Railway and the engineer operating the locomotive. Issues of negligence, contributory negligence and damage were submitted to the jury and answered in favor of the plaintiff. From judgment on the verdict the defendants appealed.

*W. L. Lumpkin, E. C. Bulluck, and W. H. Yarborough for plaintiff.*
*Edward F. Griffin and Murray Allen for defendants.*

DEVIN, J. The appellants' only assignment of error is based upon their exception to the denial of their motion for judgment of nonsuit, entered at the close of the plaintiff's evidence and renewed at the close of all the evidence.

The decision of the question presented, therefore, requires an examination of the testimony offered at the trial in order to determine whether there was any competent evidence to support the plaintiff's allegations, under the established rule that the evidence is to be considered in the most favorable light for the plaintiff.

There was evidence tending to show that plaintiff's intestate, a Negro tenant farmer, came to Louisburg, North Carolina, and entered upon the premises of the Seaboard Air Line Railway Company, near the passenger and freight station, for the purpose and with the intention of

taking passage on the train of the railway company, and at a time shortly before the train was due to leave. The plaintiff's evidence also tended to show that his intestate, while on the railroad yard, was struck by a freight car which had been without warning set in motion by the impact of two other cars released by defendants in making a flying switch, and that as a result he received injuries from which he shortly thereafter died. The defendant Davis was the locomotive engineer operating the train and shifting the cars at the time.

There was also evidence that there was in the railroad station no waiting room for colored people usable at the time (only a few passengers per month departing from the station); that the railroad caboose car used as a passenger coach was placed on a track opposite the station and some twenty feet therefrom; that in the space between the caboose and the station and close to the station and freight platform was a sidetrack, upon which was standing the freight car by which plaintiff's intestate was struck and injured.

It is apparent that if the plaintiff has offered evidence tending to show that his intestate, intending to become a passenger, was at the place usually occupied by those desiring to enter defendant's coach for transportation, and at a place provided by the railway company for passengers, and shortly before the train was scheduled to leave, he would have been in contemplation of law a passenger, and entitled at the hands of the defendants to the degree of care for his safety required by that relationship, and if there was also evidence to show that he was there struck by a car set in motion as the result of the impact of other unattached cars which had been released by defendants in making a flying switch, the case was properly submitted to the jury. *Clark v. Bland,* 181 N. C., 110, 106 S. E., 491; 10 American Jurisprudence, 27; *Ray v. R. R.,* 141 N. C., 84, 53 S. E., 622.

On the other hand, the defendants contend that there was evidence tending to show that plaintiff's intestate was eighty yards from the passenger station and not at a place, or in such a position as to indicate to the defendants that he intended to become a passenger, and that, under these circumstances, the duty which the law imposes upon a carrier with respect to a passenger was not incumbent upon the defendants, and that in the absence of knowledge of, or reasonable ground to anticipate, the presence of plaintiff's intestate at the place where he was struck, they owed him no higher duty than that due a mere licensee. *Gibbs v. R. R.,* 200 N. C., 49, 156 S. E., 138.

However, for the proper determination of the case between these distinctive categories, the evidence seems to be conflicting, and there are permissible inferences from it favorable to the plaintiff's contention. In this state of the case we are unable to say that there was error in submitting the case to the jury under appropriate instructions from the

BLAINE *v.* LYLE.

court.   Nor was the evidence of contributory negligence of the plaintiff's intestate so clear and conclusive as to warrant judgment of nonsuit upon that ground.   No exception having been noted to the judge's charge, it is presumed that the principles of law applicable to the different views of the evidence were correctly and fairly presented to the jury.

We reach the conclusion that in the trial there was

No error.

SEAWELL, J., took no part in the consideration or decision of this case.