REID v. RAILROAD.

(Filed November 28, 1905).

*Railroads — Crossings — Negligence — Contributory Negligence—Trespassers—Instructions.*

1. In an action for wrongfully causing the death of plaintiff's intestate at a crossing, an instruction that where an engine was backing on a crossing in the night time, it was the duty of the engineer to sound adequate warning and to keep a man with a light at the front of the engine as it was moving, so as to keep a lookout adequate for safety; and if there was failure in this respect and an injury resulted, there would be a negligent breach of duty, is correct, and the fact that the crossing may be also used as a part of the railroad yard or that the street ran down the track for some distance, does not change the principle.

2. An instruction "If the jury shall find that the plaintiff was walking on the railroad track and that the defendant was backing its engine along the track in the night time in the direction of the plaintiff, and that there was no light at the time on the back part of the engine and no agent there to keep a lookout along the track, or being there, failed to exercise reasonable care in looking ahead along the track for any person on or near the track, or that no bell was ringing; and if the jury shall find that the engine so moving ran against or upon the intestate and killed her; and if the jury should further find that if the bell had been ringing and there had been a proper light on the engine, the intestate would have had notice of the approaching train in time and would have escaped the danger; or that if there had been a person stationed on the engine and was exercising reasonable care in keeping a lookout along the track, he would have discovered the intestate in time to have avoided striking her, then the jury should answer the first issue yes, and the second issue no," is not erroneous in declaring that the defense of contributory negligence did not avail the defendant under the conditions stated.

3. Where plaintiff's intestate had gone to the crossing at Third street in an effort to cross the railroad and was told by an employee of the defendant that a freight train then obstructed the crossing at that point, and that she had better try the Second street crossing, and following these instructions she essayed the latter crossing and was endeavoring to cross when an engine backed upon her and death resulted, *held,* that the intestate was no trespasser and there was no contributory negligence in the mere fact that she was then upon the road.

ACTION by James Reid, Administrator of Lula Reid, against the Atlanta & Charlotte Air Line Railway Company, heard by *Judge C. M. Cooke* and a jury, at the October Term, 1905, of the Superior Court of MECKLENBURG.

This was an action for wrongfully and negligently causing the death of plaintiff's intestate. The usual issues in such cases were submitted. There was evidence to the effect that on or about February 24, 1905, about 8 o'clock at night, the plaintiff's intestate was run over and killed by an engine of the defendant; and there was evidence tending to show that at the time of the killing the intestate was endeavoring to cross the railroad at Second street crossing, in the city of Charlotte; that there were several tracks there used by the defendant in shifting and otherwise; that the street ran down these tracks for some distance, and it was usual and customary for persons who were passing over the crossing at this point to walk part of the way down the main line of the track, and the intestate was at such point at the time she was run over and killed.

The evidence of the plaintiff tended further to show that at the time intestate was killed, the engine was backed on the crossing and ran over the intestate without warning of any kind, without any light on the front end as the train moved, and without anyone stationed so as to give warning if danger or collision was imminent.

There was evidence of the defendant that at the time of the injury the bell was rung, a light was properly placed, and a

lookout kept.   Under the charge of the court there was a verdict and judgment for plaintiff, and defendant excepted and appealed.

*Pharr & Bell* for the plaintiff.
*W. B. Rodman,* for the defendant.

HOKE, J.   The charge of the judge below was full and clear.   The jury have accepted the plaintiff's version of the occurrence, and there is no error presented which gives the defendant any just ground of complaint.

The court in substance told the jury that where an engine was backing on a crossing in the night time, it was the duty of the engineer to sound adequate warning and to keep a man with a light at the front of the engine as it was moving, so as to keep a lookout adequate for safety; and if there was a failure in this respect, and an injury resulted, there would be a negligent breach of duty; and if these duties were performed there was no negligence on the part of the defendant, and the first issue would be answered "no."

This is the rule laid down in *Purnell's case,* 122 N. C., 832.   There *Furches, J.,* delivering the opinion, said:   "As we understand the matter, there must be both a man and a light at night, and a man and a flag in the day.   It may be one person, but he must have a light."

The fact that the crossing may also be used as a part of the railroad yard, or that this term was used by the court under the circumstances of the present case, does not at all change the principle.

On the first issue, as to contributory negligence, the court charged the jury among other things: "3. It is the duty of persons, before going upon the track of a railroad company, to stop and look and listen for any train that may be moving; or, being upon the tracks of such company in its yards where there are several tracks used for shifting cars, to be contin-

ually alert and on the lookout for a moving train; and if a person fails in this duty and in consequence of such failure is injured by a moving train, the person would be guilty of contributory negligence. 4. The burden of the first issue is upon the plaintiff; the burden of the second issue is upon the defendant."

The court further charged the jury as follows: "5. If the jury shall find that the plaintiff was walking on the railroad track and that the defendant was backing its engine along the track in the night time in the direction of the plaintiff, and that there was no light at the time on the back part of the engine and no agent there to keep a lookout along the track, or, being there, failed to exercise reasonable care in looking ahead along the track for any person on or near the track, or that no bell was ringing; and if the jury shall find that the engine so moving ran against or upon the intestate and killed her; and if the jury should further find that if the bell had been ringing and there had been a proper light on the engine, the intestate would have had notice of the approaching train in time and would have escaped the danger; or that if there had been a person stationed on the engine and was exercising reasonable care in keeping a lookout along the track, he would have discovered the intestate in time to have avoided striking her, then the jury should answer the first issue, yes, and the second issue, no." "6. If the jury are not satisfied by the greater weight of the evidence that the intestate was killed by a moving train or engine of the defendant, they will answer the first issue no."

Objection is made to section 5 of the charge for that it practically declared that the defense of contributory negligence would not avail the defendant under the conditions stated. This part of the charge does have the effect complained of, and there is no error in the ruling. The intestate had gone to the crossing at Third street in the effort to cross the road, and was told by an employee of the defendant

that a freight train then obstructed the crossing at that point, and she had better try the Second street crossing. Following these instructions she essayed the latter crossing and was endeavoring to cross when the engine backed upon her, and her death resulted.

The intestate here was no trespasser, and there was no contributory negligence in the mere fact that she was then upon the road. She was where she had a right to be, and if she was run over and killed by the engine, under the circumstances stated in this portion of the charge, there was no contributory negligence. Upon either postulate of the specified portion of the charge, there was a negligent failure on the part of the defendant's agents or employees to avail themselves of the last chance of avoiding the injury, which would render the misconduct of the defendant the sole proximate cause of the intestate's death. The case is controlled by the decisions in *Lloyd v. Railroad,* 118 N. C., 1010; *Stanley v. Railroad,* 120 N. C., 514; *Purnell v. Railroad,* 122 N. C., 832; *McIlhaney v. Railroad, ibid.,* 995.

There is no error and the judgment must be

Affirmed.