**BROWNE v. FOLSOM et al.**

No. 12206—Opinion Filed Dec. 4, 1923.

Rehearing Denied Jan. 15, 1924.

**1. Appeal and Error — Duplicity—Inconsistent Judgments.**

A judgment in ejectment determining title and right of possession between plaintiffs and defendants, until it becomes final, and a judgment between the same parties under the Occupying Claimants Act are so inconsistent with each other that they cannot coexist and be joined in a proceeding in error in this court, and where such proceeding is attempted to be maintained it will be dismissed for duplicity.

**2. Same.**

Where a party to an action has a right of election between two inconsistent remedies, he may not pursue both simultaneously, and where he seeks to do so, this court will not relieve him from his dilemma by making an election for him, but will leave

him where he has voluntarily placed himself.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Lewis Folsom, Oslin Folsom, Woodrow Folsom, and George Folsom, by their next friend, G. W. Scantlin, and Johnnie Folsom, Prudence McWilliams, and Clarence Folsom, as plaintiffs, against Fred Browne and John McClure, as defendants, in ejectment to recover an undivided five-eights interest in certain lands described in plaintiffs' petition. Judgment for plaintiffs, and defendant Fred Browne brings error. Dismissed.

Plaintiffs commenced this action in the district court of Pittsburg county. June 1, 1916, by filing therein their petition in ejectment against the defendants to recover an undivided five-eights interest in certain lands lying in sections 33 and 34, township 8 north, range 16 east, and section 4, township 7 north, range 16 east. Plaintiffs claimed title and right of possession as heirs of Audreth Folsom, a Choctaw Indian, in whose name the above lands were allotted, and alleged, in substance, that the defendants claimed some right, title, and interest in and to the above described premises, but alleged that such right, title, and interest of defendants was junior and inferior to the rights of the plaintiffs, and prayed judgment quieting their title to an undivided five-eights interest. They also sued for the rental value of said premises during the time that they had been excluded from the possession thereof, and prayed for a partition of the same.

Defendants answered by a general denial and specifically denied that plaintiffs were the owners of an undivided five-eights interest, and by way of cross-action set up lasting and valuable improvements made upon the premises, and taxes paid thereon, and asked that same be adjudged a lien upon said premises.

A special demurrer to the cross-petition of the defendants was sustained by the court and the case was tried upon the issue of title as between plaintiffs and defendant Browne. During the pendency of the action the defendant Browne purchased the interests of Prudence McWilliams, Clarence Folsom, and Lizzie Scantlin, who succeeded to the interest of Lewis Folsom, who died during the pendency of the action.

Judgment was rendered upon a trial to the court without a jury on November 5, 1920, in favor of the remaining plaintiffs and against the defendants. Upon the entry of this judgment, defendant Browne asked leave of the court, which was granted, to file his claim for betterments under the Occupying Claimants Act and to have same heard and determined by the court. on January 22, 1921, this cause was heard by the court without a jury and the court entered a second judgment setting off the rents and profits against the improvements in conformity with the report of commissioners appointed by the court for the purpose of appraising said improvements, and which commissioners were appointed upon the application of the defendant Fred Browne. The court also rendered judgment in favor of Browne and against Oslin, Woodrow, and Johnnie Folsom (now Elsey), defendants in error, for $69 for taxes. On the same day, January 22, 1921, Holley & Means, attorneys for plaintiffs, intervened in the action and asked for judgment establishing their lien for attorneys' fees and the amount thereof against the interests of their clients, Prudence McWilliams. Clarence Folsom, and Lizzie Scantlin, purchased by defendant Fred Browne during the pendency of the action and without knowledge or consent of said attorneys and with notice to the said defendant Fred Browne of their claim of lien. By agreement of the parties, this proceeding was heard and determined on that day and resulted in a judgment in favor of Holley & Means against the defendant Fred Browne for the sum of $1,500, and fixing the same as a lien upon that portion of the lands purchased and owned by him.

Judgment in ejectment of November 5, 1920, was superseded by a proper bond in the sum of $5,000. The judgment fixing and establishing the fee and lien of Holley & Means, dated January 22, 1921, was superseded by a proper bond fixed by the court in the sum of $3,000. To reverse these various judgments of the court this proceeding in error was commenced by filing in this court on April 21, 1921, a petition in error with case-made attached.

W. L. Curtis, for plaintiff in error.

Holley & Means, for defendants in error.

Opinion by LOGSDON, C. In this proceeding plaintiff in error seeks to reverse the judgment of the trial court by which it was determined that the right, title, and interest of the defendants in error was superior to the right, title, and interest claimed by him, and to have reversed the judgment of the trial court wherein it was determined that the rents and profits from the premises during the time defendants

in error had been excluded from their possession and control thereof offset the value of the permanent improvements made thereon, and denying to plaintiff in error any judgment or relief by reason of his claim as an occupying claimant. It is also sought in this proceeding to reverse the action of the trial court in rendering the judgment upon the plea of intervention of Holley & Means, fixing their fee and establishing the same as a lien against the interest in said land purchased and owned by the defendant Fred Browne.

In the consideration and determination of this proceeding this court is met at the outset by a motion on behalf of defendants in error to dismiss this appeal for the reason that the same is duplicitous, in this, that it seeks by one petition in error and one case-made to have reviewed in this court a judgment in ejectment, a judgment under the Occupying Claimants Act and a judgment upon the plea of intervention in favor of the attorneys, Holley & Means. Upon the presentation of this case on oral argument the request was made by plaintiff in error that if this court should conclude that the motion to dismiss was properly before the court for determination plaintiff in error should be granted 15 days in which to file a response to said motion to dismiss and an answer brief thereon. Thereafter on November 2, 1923, it was ordered by this court that plaintiff in error file a response to said motion to dismiss and an answer brief thereon on or before November 20, 1923. This has been done and the question raised by the motion to dismiss and the response thereto are now properly before this court for determination.

It is apparent from the foregoing statement that plaintiff in error by this proceeding presents to this court and seeks relief from two inconsistent judgments, viz., a judgment in ejectment and a judgment under the Occupying Claimants Act. That the proceedings leading to these two judgments cannot be presented in this court by one petition in error and one case-made has been definitely settled and determined in this jurisdiction by the case of Harper v. Stumpff, 84 Okla. 187, 203 Pac. 194, which has been followed by this court in Callahan v. Nida, 86 Okla. 279, 207 Pac. 967, and approved in Stumpff v. Harper, 90 Okla. 195. 214 Pac. 709.

In the case of Harper v. Stumpff, supra, the judgment in ejectment was rendered March 17, 1920, and the judgment under the Occupying Claimants Act was rendered March 18, 1920. In that case, as in the instant case, the answer set up the claim for improvements and taxes, but it was recognized as raising an issue not germane to the action of ejectment and was therefor submitted to a different jury and a separate verdict returned.

Both judgments were brought to this court by one petition in error and case-made, and Justice Miller, in delivering the opinion of the court dismissing the appeal, used this language:

"The plaintiffs in error did not have a right to try the issues under the Occupying Claimants Act until the judgment against them in ejectment had become final. Their cause of action did not accrue until the ejectment judgment became final. That judgment was a necessary part of their cause of action. They had a right to treat the judgment as final and then try the issues raised under the Occupying Claimants Act, or they had a right to appeal from the judgment in ejectment, but they could not do both. The right to recover under the Occupying Claimants Act is inconsistent with a claim of ownership and right of possession.

"This appeal cannot be maintained, for it seeks to reverse two judgments in one appeal. By this appeal, the plaintiffs in error are asking this court to reverse the first judgment and decree them to be the owners of the land and entitled to hold possession. By this same appeal, they are asking this court to reverse the second judgment and hold they are entitled to recover from the defendant in error under the Occupying Claimants Act for the value of the improvements placed on the land which they are asking this court to say belongs to them. These two judgments were not consolidated, and in their nature could not be consolidated. This is not like where two cases have been consolidated in the trial court and have been appealed under one petition in error and one case-made.

"The plaintiffs in error had the election of remedies; to either defer the trial of their right to recover under the Occupying Claimants Act and appeal to this court from the first judgment, or waive their right of appeal from that judgment, treat it as final, and then try the issues under the Occupying Claimants Act. If on the last trial, they felt themselves aggrieved, they could appeal from that judgment, but they can not pursue both remedies and appeal from both judgments at the same time and in one appeal."

This decision is controlling in the instant case. Here the plaintiff in error is seeking to reverse the trial court in its judgment in the ejectment action upon the ground that the court erred in decreeing title in defendants in error as heirs of Audreth Folsom, deceased. At the same time plaintiff

in error is seeking to have the judgment of the trial court rendered upon his claim for improvements under the Occupying Claimants Act reversed because of error alleged to exist in said proceedings. In addition to these two inconsistent judgments, plaintiff in error also seeks to have reviewed a third judgment of that court fixing the fee and establishing the lien of Holley & Means, attorneys for defendants in error.

For the reasons stated, and in conformity with the rule announced in Harper v. Stumpff, supra, the motion of defendants in error to dismiss the appeal herein should be, and the same is hereby, in all things sustained.

By the Court: It is so ordered.