## GALLEMORE v. BUZZARD.

No. 12851—Opinion Filed Feb. 12, 1924.

Rehearing Denied March 18, 1924.

1. **Pleading—Petition—Failure to Separately State and Number Causes of Action —Waiver of Objection.**

Section 267, Comp. Stat. 1921, which provides: "Where the petition contains more than one cause of action, each shall be separately stated and numbered," is a statutory right in favor of the defendant, and where the petition fails to comply with the statute and the defendant fails to move for amendment to comply with the same, the right is waived.

2. **Appeal and Error—Discretion of Court— Rulings on Pleadings.**

Where the petition states two causes of action, one for an accounting and the other for breach of contract and damages, and the defendant files motion to make more definite and certain and the court overrules the motion, held, the action of the court in passing on the motion, a matter of judicial discretion, and will not be disturbed by this court without it is made to appear the court abused its discretion to the prejudice of the defendant.

3. **Appeal and Error—Review—Conclusiveness of Verdict.**

In an action for an accounting and breach of contract and damages, where the issues are tried to a jury, and the jury return a verdict for two items, one for the accounting and one for damages, and the court renders judgment accordingly, and there is evidence supporting the judgment for the item on accounting, this court, on appeal, will not disturb the judgment for the accounting.

4. **Damages—Measure—Prospective Profits —Breach of Contract to Furnish Money.**

Where B., a miller, enters into a contract with G., a banker and money lender, for the purpose of moving his flour mill from Racine, Mo., to Fairland, Okla., and G. agrees to furnish the money to pay off the incumbrances against the mill and pay for removing the mill and rebuilding it on the new site and to furnish the money to supply the mill with necessary grain to keep it in operation, and G. fulfills the agreement in all respects except to furnish money to supply the grain, and B. brings suit for breach and damages, the measure of damages is the profit B. would have made from the products of the mill as contemplated by the contract.

5. **Sufficiency of Evidence.**

The record examined, and held sufficient to sustain the judgment on accounting, but not sufficient to sustain the judgment for damages.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by D. K. Buzzard against N. C. Gallemore for an accounting and damages. Judgment for plaintiff, and defendant brings error. Affirmed in part and reversed in part.

W. H. Kornegay and J. G. Austin, for plaintiff in error.

Shannon & Shannon, for defendant in error.

Opinion by THREADGILL, C. The defendant in error, as plaintiff, filed suit against the plaintiff in error, as defendant, on June 20, 1917, in the district court of Ottawa county for an accounting and breach of contract and damages in the sum of $10,000. For convenience the parties will be referred to as they appeared in the trial court. Plaintiff's petition consists of five paragraphs. In the first, it states that he is a miller and the defendant is a banker and a money lender at Fairland, Okla., that about February 1, 1914, and prior thereto, the plaintiff owned a grist mill near the town of Racine, Newton county, Mo., and a farm incumbered with mortgages; that about February 1, 1914, he and defendant entered into a contract for the purpose of moving the mill to Fairland, in which it was agreed that the defendant would get the people of Fairland to donate enough money to buy a mill site at that place for the plaintiff, the same to be free as an inducement for him to move his mill to Fairland, and that the defendant agreed to pay off and discharge the incumbrances on the mill, and pay the expense of moving the same to Fairland and rebuilding it on the donated mill site, and furnish money with which to keep plaintiff supplied with grain sufficient to operate. The money advanced was to be in the nature of a loan to plaintiff. Plaintiff was to sell the farm and turn the money over to the defendant for him to keep and account for in the operation of the mill and for the purchase of grain for that purpose. The defendant in person and through the bank he controlled should have the custody of all funds of the plaintiff to see that they were used in carrying out the terms of the contract.

In the second paragraph plaintiff states

that the mill site was purchased as agreed; that the defendant advanced him $3,500 for a year at ten per cent. interest, evidenced by note for $3,850 secured by mortgage on the mill and new site; that defendant loaned plaintiff other sums of money, but not enough to keep the mill supplied with grain for grinding purposes; that plaintiff sold the farm and turned the money into the custody of defendant and the defendant and bank had the control of all his funds.

In the third paragraph plaintiff complains that defendant is charging him for the mill site in the sum of $300. The defendant is indebted to him for funds placed in his hands in the sum of $448.67, as shown by an itemized statement attached.

In the fourth paragraph plaintiff states that he sold the farm and placed the proceeds in the hands of the defendant that he might see that the money was used in operating the mill and payment of plaintiff's indebtedness to the defendant and bank, and the defendant applied all the proceeds of the farm in paying the notes not yet due, and failed and refused to furnish him money to buy grain in the operation of the mill and plaintiff could not operate the mill successfully, and even had to sell it at a sacrifice for lack of funds for this purpose.

In the 5th paragraph plaintiff states as follows:

"Wherefore plaintiff says that by reason of the defendant's aforesaid failure to honestly account to the plaintiff and pay over to him the funds belonging to the plaintiff and in the custody and under the control of the defendant, as aforesaid, and by reason of the failure of the defendant to keep the plaintiff supplied with sufficient funds with which to buy sufficient grain to keep said mill in operation and by reason of defendant's unlawful appropriation of funds in his hands belonging to the plaintiff to the payment of notes which were not due, plaintiff has sustained a great loss on account of not being able to operate said mill continuously and a great loss in the sale of said mill at a. sacrifice price and has sustained the loss of the aforesaid sum of $448.67 all to his damage in the sum of $10 000, for which amount, and the costs of this action, the plaintiff asks judgment."

The defendant filed a motion to make the petition more definite and certain which was as follows:

"1. That he be required to set out the date or dates of the items of accounting listed in his Exhibit A. 2. To state whether or not the alleged contract to have been entered into on or about the first of February, 1914, was in writing and set out a copy thereof or allege a reason whereby same is not done or if same be a verbal contract to so state and to state also the length of time the said contract was to continue. 3. To set out particularly the source and origin of the alleged damages and each item thereof for the alleged breach in such manner that the defendant may know for what specific item and things he is being called upon to respond in damages and if the same be for prospective profits, for what length of time and during what period and from what source the same are alleged by plaintiff to have arisen and the reason for the liability of the defendant to respond thereto."

This motion was overruled and the defendant excepted. Defendant offered a general demurrer, which being overruled, he filed his answer, in which he admits that he loaned the plaintiff money to pay off certain indebtedness against the mill at Racine, Mo., and assisted him in getting a mill site at Fairland, Okla., but denies generally the contract claimed by the plaintiff. He admits the correctness of the account set out in plaintiff's Exhibit A. except rebate on insurance policy and items of interest on two notes, but states that the exhibit is incomplete and there is nothing due on items stated according to their settlement January 21, 1915.

The defendant pleads other items against the plaintiff for services, commissions, and interests and attorney's fees, and asks for costs and by way of counterclaim asks for $225.43. Plaintiff filed a reply of general denial. The cause was tried to a jury October 2, 1919, and resulted in a verdict and judgment in favor of the plaintiff in the sum of $261.89, on the accounting, and $4,000 damages, and the defendant has appealed by petition in error and case-made.

In the trial, when all the testimony was in, the plaintiff was permitted by the court to file an amended petition, which does not materially change the original petition except that the defendant was to keep the plaintiff supplied with sufficient grain to operate the mill continuously if it was moved to Fairland.

The defendant filed motion to require plaintiff to separately state and number his cause of action and state damages claimed on account of failure to lend the money claimed. The record does not show any action on this motion.

1. The first complaint on the part of defendant is that the court erred in overruling his motion to require the plaintiff to separately state and number the causes of action and to make definite and certain. It seems that the defendant in this complaint gets the two motions mixed in his mind. It will be observed that the motion to the original petition did not ask that the petition state and number the causes of action but to make more definite and certain. It is plain that the petition consists of two causes of action, one for an accounting of monies placed in custody of defendant and the other for damages for breach of contract that should have been set out and stated separately as provided by section 267, Comp. Stat. 1921, which reads as follows:

"Where the petition contains more than one cause of action each shall be separately stated and numbered."

The defendant did file a motion to the amended petition asking for separate counts but it does not appear that any action was taken on this motion. We think this was a statutory right in favor of the defendant and would be error for the court to overrule said motion in a proper case. Pierce v. Bicknell, 11 Kan. 262; Stewart et al. v. Balderston et al., 10 Kan. 143.

But, inasmuch as defendant in this case did not make proper application at first to have the causes of action separately stated and numbered, and obtained no action of the court when his motion was filed to the amended petition, he has waived the statutory right to complain.

While the action of the court in passing on motion and objection to pleadings is largely a matter of judicial discretion, yet we think in this case it would have been better for all concerned if the court had sustained the motion to make more definite and certain and especially since its indefiniteness was not entirely cured by the amended petition, filed after all the evidence was in. From an examination of the record, it appears that the plaintiff had two causes of action against the defendant, but the cause for damages is very indefinitely stated and the court and jury and parties litigant were all at a disadvantage in understanding clearly the points at issue.

The defendant states 15 assignments of error, but does not discuss them except in a general way. The matter of the accounting needs but little consideration in this appeal. The items of the account were brought out in the evidence on both sides and the jury found that the plaintiff should recover on the accounting $261.89, and the court approved and rendered judgment for same, and we think the evidence is amply sufficient to support this part of the judgment, and under the well established rule of this court, this part of the judgment will not be disturbed on appeal.

The defendant contends that the contract claimed by the plaintiff was a contract only for the loan of money and the damages claimed and awarded in the trial were erroneous not being based upon the proper measure of damages, discussing the subject under two heads:

"(1) As to what may be a valid contract to loan money; and (2) damages recoverable for breach of contract to loan money" —and citing many authorities in support of his contention.

We cannot agree with defendant's application of the argument he makes and the authorities he cites to the facts in this case. The petition alleged that the defendant was to furnish money in paying off the incumbrances against the mill and for moving it from Racine to Fairland, and for supplying the grain to operate the mill, and the money was furnished for everything according to the agreement except for the necessary wheat for operating the mill. This point was the point of the plaintiff's advantage and gain in the whole transaction, and these profits were in contemplation of the contract, and whatever damages resulted in a failure of the contract in this respect would be recoverable. In 17 C. J. 865, the rule is stated as follows:

"Ordinarily the breach of a contract to loan money will not impose a liability in damages particularly where the loan is to be repaid on demand, in the absence of particular circumstances, since no injury will result if the same amount may be borrowed from another on the same terms. However, the presence of special circumstances which are in the contemplation of the parties may impose a liability, in which case, the damages will be measured by the actual loss sustained."

In Michael Murphy, Receiver, v. L. B. Hanna et al. 37 N. D. 156, 164 N. W. 32 the same rule is stated as follows:

"The measure of damages for the breach of a contract obligation to loan money is not necessarily restricted to nominal damages; and where it appears that special circumstances were known to both parties, from which it must have been apparent that

special damages would be suffered in case of failure to fulfill the obligation, such special damages as may appear to have been reasonably contemplated by the parties are recoverable."

There are many cases supporting the rule that profits are recoverable as damages in a proper case: Ft. Smith, etc., Ry. Co. v. Williams, 30 Okla. 726, 121 Pac. 275; Cloe v. Rogers, 31 Okla. 255, 121 Pac. 201; Mackey v. Boswell et al., 63 Okla. 20, 162 Pac. 193; Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Okla. 117, 163 Pac. 276; Cushman Motor Works Co. v. Kelley, 70 Oklahoma, 173 Pac. 1042.

We think that the items of damages should have been set out more clearly in the petition and the proof confined to the items stated. We have examined the record to determine just what the evidence was as to loss of the plaintiff in the matter of profits in not having wheat to keep the mill running, and we do not think the evidence sufficient to sustain the judgment for damages. The plaintiff did operate the mill a part of the time and according to his statement was building up a good trade. There is nothing definite as to the number of days he ran the mill, as to what amount of wheat he ground and barrels of flour turned out. The capacity of the mill is given and the profit on the flour, shorts, and bran, but the failure is in not showing with reasonable certainty the approximate number of days to reach the capacity of the mill and the necessary amount of wheat to meet the demand. The testimony disclosed by the record is too indefinite on this point to sustain the judgment. We, therefore think the judgment for the accounting should be affirmed, and the cause should be reversed with direction to the trial court to set aside the judgment for damages and grant the defendant a new trial on these issues.

By the Court: It is so ordered.