## GYPSY OIL CO. v. COLBERT.

No. 24031.   Dec. 8, 1936.

Rehearing Denied March 9, 1937.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, Cyrus L. Billings, and James B. Diggs, Jr., for plaintiff in error.

C. B. Stuart, E. J. Doerner, and B. A. Hamilton, for defendant in error.

GIBSON, J.  This action was commenced in the district court of Tulsa county by defendant in error, hereinafter referred to as plaintiff, against plaintiff in error, hereinafter referred to as defendant, to recover damages for personal injuries sustained as a result of an automobile collision.

According to the allegations of the petition, the collision occurred on Highway No. 66, northeast of the city of Bristow, when plaintiff attempted to drive her automobile to the left around another car parked on her side of the pavement; that, in so doing, plaintiff's car collided with the defendant's car, which was coming from the opposite direction, resulting in serious injury to plaintiff.  Plaintiff alleges negligence on the part of defendant as follows:

"(a)  That the agent and servant of this defendant was driving the said Buick automobile of the defendant at a high, dangerous and reckless rate of speed in violation of the statutes of the State of Oklahoma, to wit:  More then 60 miles an hour.

"(b)  That the defendant's agent and servant then and there driving said automobile in the course of his employment by this defendant, was guilty of negligence and carelessness in that he was failing to keep and maintain a proper lookout for persons or automobiles, including the automobile being driven by this plaintiff upon said highway, and failed and neglected to observe either car upon said highway, and the conditions created by the car parked on the south side thereof. * * *

"(d)  Plaintiff, pleading in the alternative, alleges that if the defendant's agent and servant was keeping and maintaining a proper lookout approaching the point of said accident on said highway, he was guilty of negligence in that he failed and neglected to check the speed of said automobile, or stop said automobile after discovering the perilous position of said automobile which was passing to the left of said parked automobile on the south side of said pavement.

"(e)  That as a direct and proximate result of the acts of negligence and carelessness herein alleged, this plaintiff sustained the following injuries: * * *"

Verdict and judgment were for plaintiff, and the defendant has appealed, assigning numerous errors.

The errors complained of are presented under four propositions; the first is as follows:

"The theories of liability for prior negligence and negligence under the last clear chance doctrine are fundamentally inconsistent.

"(1)  The petition failed to state a cause of action.  (Errors 1, 2, 4, 6, 8, 15, and 45.)

"(2)  The motion to require election should have been sustained.  (Errors 3, 5, 7, and 45.)

"(3)  Submission of both theories prevented a trial of the facts.  (Errors 3, 5, 7, 15, 16, 24, 30, 37, 38, 39, 40, 41, 43, 44, and 45.)"

It is called to our attention that recovery is sought in paragraphs "a" and "b" on the theory of negligence in excessive speed and failure to observe plaintiff, and

in paragraph "d" on the theory of last clear chance or failure to avoid the collision after discovery of plaintiff's peril. Defendant contends that the basic elements and proof necessary to support recovery upon one theory conflict with, rebut, or disprove those of the other theory, and therefore said theories are inconsistent and cannot be asserted or mantained together upon a single state of facts. In this connection it is said that under the prior negligence theory the legal duty devolving upon defendant was: (1) To drive at such speed as to be able to avoid collision with plaintiff; (2) to observe or discover plaintiff and thus be able to prevent collision. That a breach of such duty was: (1) driving at such speed as to be unable to avoid the collision; (2) failure to discover plaintiff, and therefore inability to avoid the collision. That the proximate cause of injury was: (1) Excessive speed; (2) failure to discover plaintiff.

It is further stated that under the last clear chance theory defendant's legal duty was to avoid collision after timely discovery of plaintiff's peril, and that a breach of that duty was the timely discovery of plaintiff but failure to avoid collision, and that the proximate cause of injury was defendant's failure to avoid collision after timely discovery of plaintiff's peril.

Defendant argues that as to speed, under the prior negligence theory, it was necessary to prove facts raising the duty on the part of defendant to drive at such speed as to be able to avoid the collision; as to the last clear chance, it was necessary to prove facts showing that defendant did drive at such speed as to be able to avoid the collision, and that proof of the latter duty destroys the basis of breach of the former duty. It is further said that the total repugnancy of the two theories is made apparent in the inconsistency of the proof required to establish breach of duty under the two theories. Under the one, it was necessary to prove that defendant drove at such speed as to be unable to avoid collision. Under the other, it was necessary to prove that defendant drove at such speed as to be able to avoid the collision. And, plaintiff says, further repugnancy is shown in that the nonexistence of contributory negligence on plaintiff's part was essential on the question of proximate cause under the excessive speed theory, while under the last clear chance theory the existence of contributory negligence upon which plaintiff's peril arose was assumed in order to apply the doctrine.

This argument is based upon the assumption that the petition contains allegations sufficient to support the two theories named. It is contended that the facts alleged and implied are so inconsistent as to be self-refuting and insufficient as a basis of any liability, and, in this respect, failed to state a cause of action.

In seeking redress for her injury, plaintiff has attempted to pursue two distinct remedies. In so doing she has stated two causes of action, each based upon different alleged negligent acts of the defendant. The fact that the allegations were in the alternative, and the counts not numbered, makes them nonetheless a statement of two causes of action. Gallemore v. Buzzard, 98 Okla. 104, 224 P. 293. Each count looks to the same recovery. If either count stated a cause of action, the petition was good as against a general demurrer based upon inconsistency of the allegations of the different counts. Roxana Pet. Co. v. Covington State Bank, 98 Okla. 266, 225 P. 375, 35 A. L. R. 774. In that case it was held that a plaintiff may not be denied a trial on his primary cause of action, although the allegations of the separate counts may be so inconsistent as to be mutually totally destructive of the cause of action stated in each count. But this holding was limited more or less to the allegations of inconsistent facts peculiarly within the knowledge of the defendant. This court has never held that the allegations of separate counts, although wholly repugnant to and mutually destructive of each other, render the entire petition fatally defective when challenged by general demurrer.

We think the correct view of this matter, as being more in conformity with the prior decisions of this court, is that where any one count of a petition, taken alone, states sufficient grounds to entitle plaintiff to relief, the petition should be sustained as against a general demurrer. Where the separate counts are inconsistent with, and repugnant to, each other, an election may be required, as stated in Roxana Petroleum Co. v. Covington State Bank, supra. In that case it was held as follows:

"In such case, after issues have been joined, the court will confine the proof to the issues, or, in a proper case, require an election."

Pleading in the alternative is ordinarily not favored. Several acts of negligence causing the same injury may be pleaded in the conjunctive; but to plead them in the

alternative destroys certainty in pleading (Benelli v. A., T. & S. F. Ry. Co. (Kan.) 243 P. 1004, citing 31 Cyc. 74; 6 Encyc. P. & P. 268; 21 R. C. L. 47). However, alternative pleading is permitted in furtherance of justice, and such pleading is not subject to demurrer on that ground. Garfield Oil Co. v. Crews, 134 Okla. 229, 273 P. 228.

In view of the foregoing, we are of the opinion that the overruling of the general demurrer to the petition was not error.

Although plaintiff's petition was good as against a general demurrer, defendant's motion to require an election properly presented the question of inconsistency or repugnancy of the allegations in the separate counts. Were the remedies pursued by plaintiff inconsistent and repugnant, or were they cumulative, conjunctive, and consistent? The general rule is that a suitor is not permitted to invoke the aid of the courts upon contradictory principles or theories based upon one and the same set of facts. In such case the pleader is put to his election. 20 C. J. 5; Brown v. Folsom, 94 Okla. 286, 222 P. 246.

In Electrical Research Products Co. v. Hanitotis Bros., 170 Okla. 144, 39 P. (2d) 36, it was said: "When there is one redressible wrong, the suitor will not be permitted to choose more than one enforceable remedy." To the same effect is Lester v. Fields, 171 Okla. 442, 43 P. (2d) 87.

What remedies are so inconsistent with each other as to require an election between them is a matter to be determined by the facts of each case. No arbitrary rule can be announced as a decisive test for all cases. To make them inconsistent, one remedy must allege what the other denies, or the allegations in one must necessarily repudiate or be repugnant to the other. 20 C. J. 9. A determination of the question lies within the sound legal discretion of the trial court. 49 C. J. 748, sec. 1048: Mellon v. Fulton, 22 Okla. 636, 98 P. 911; 19 L. R. A. (N. S.) 960.

It appears that a large majority, if not all, of the decisions of this court involving this question base the right of a party to pursue inconsistent remedies upon the fact or assumption that there exists on the part of the plaintiff more or less uncertainty as to his proper grounds of recovery. Mellon v. Fulton. supra; Harris v. Warren-Smith Hdw. Co., 44 Okla. 477, 144 P. 1050; Carter Oil Co. v. Garr, 73 Okla. 28, 174 P. 498. This is especially true where the facts pleaded by plaintiff are peculiarly within the knowledge of defendant and ascertainable by plaintiff only upon proof. Roxana Petroleum Co. v. Covington State Bank, supra.

Under plaintiff's first count, if she were guilty of contributory negligence, she could not recover. In the second, although admittedly guilty of contributory negligence, she may yet recover on the theory that her negligence was only the remote, and not the proximate, cause of the injury. The doctrine of the last clear chance presupposes negligence on the part of the party pleading it. 45 C. J. 988. By resorting to that doctrine, the plaintiff has acknowledged her own negligence in placing herself in a position of peril. Its very purpose is to provide a remedy for a party, who has himself been guilty of contributory negligence, against the wanton or willful negligence of one who may have avoided the injury by the exercise of reasonable care after his discovery of the injured party's negligent act. In the case of Atchison, T. & S. F. Ry. Co. v. Bratcher, 99 Okla. 74, 225 P. 941, the purpose of the doctrine is explained as follows:

"In this and other jurisdictions the rigorous application of the rule against recovery where contributory negligence is shown has been ameliorated in proper cases by the adoption and application of what is euphoniously termed the 'humanitarian' or 'last clear chance' doctrine. This is but a variation of the doctrine of comparative negligence, which has long since been expressly repudiated in this state. St. Louis & S. F. Ry. Co. v. Elsing, 37 Okla. 333, 132 P. 483."

From this statement of the court it may be seen that the doctrine is useful only where there exists contributory negligence on the part of the injured party.

Under this theory the duties of the party charged with the injury toward the party injured commence at the instant he discovers the injured party's perilous situation. After such discovery, and not before, the party charged is required to exercise ordinary care, under the existing circumstances, to avoid the injury. In Oklahoma Ry. Co. v. Overton, 158 Okla. 96, 12 P. (2d) 537, the rule is announced in the first paragraph of the syllabus by the court as follows:

"The rule of the doctrine of last clear chance 'does not apply in a case unless the danger is actually discovered, because the whole theory of the doctrine is based upon and confined to conduct subsequent to

the discovery of the danger. The action required of the defendant, after discovering the danger is one, as the rule states, of ordinary care, under the circumstances there present.' Pennsylvania R. Co. v. Swartzel (C. C. A.) 17 F. (2d) 869."

Thus it may be seen that prior negligence, as contradistinguished from negligence under the last clear chance doctrine, ceases to operate after the position of the plaintiff is discovered. At that instant the negligence of the plaintiff intervenes with the negligence of the defendant to contribute to the proximate cause of the accident. Allegations of negligence occurring prior to discovery of the injured party's perilous situation are thus rendered inoperative by the injured party's own allegations of contributory negligence.

The allegations of the two counts are wholly inconsistent and cannot be harmonized, unless other circumstances are such as will permit them both to stand. Can it be said that plaintiff was uncertain as to the facts pleaded in both counts? Were the facts peculiarly within the knowledge of the defendant? Plaintiff may well have been uncertain as to the facts alleged in the first count, but, as to the second, the facts alleged as to her own negligence were peculiarly within her own knowledge. By her allegations she says that she placed herself in a position of peril by her own negligent act. When she employed the two remedies, she may have been uncertain as to which would eventually prevail, if she were allowed to proceed upon both. But when she pleaded facts in one that wholly destroyed her right to recovery on the other, and such destructive facts were peculiarly within her own knowledge, it may not be said that there existed an uncertainty in her own mind as to her right to recover on the first count.

Plaintiff injected this doctrine into the case over the objection of the defendant. Such was wholly within her righ's. She knew whether or not she was negligent. She says she was negligent. How, then, may her statement be treated as an unproved or uncertain fact? The rule concerning inconsistent pleadings, as stated by the Supreme Court of Kansas (Losch v. Pickett, 36 Kan. 216, 12 P. 822), is recognized by this court in Caldwe'l v. Baxter, 158 Okla. 76, 12 P. (2d) 509, 515, and is as follows:

"1. A party should be bound by the allegations of his pleadings deliberately made, and should not be allowed to obtain benefits from contradictory and inconsistent allegations therein, even if made in separate coun's.

"2. The spirit of our Civil Code is that a party shall state in his pleadings the real facts of his case, and not falsehoods or fiction. A thing cannot be true and untrue at the same time; and any pleading containing allegations made by the same party both affirming and denying a particular thing carries falsehood upon its face, and in such a case the court may consider as true such of the allegations as are against the pleader."

We have been directed to no decision of this court involving the precise question here under discussion. The general rule as to repugnant remedies may well apply in the present case. Numerous cases involving the humanitarian doctrine have been before this court, but none of them seem to have involved the question of election of remedies. That the court entertained such actions on appeal is no indication that an action involving the two theories herein mentioned has been approved as proper procedure. No jurisdictional question was involved; the sufficiency of the petition as stating a cause of action was not questioned.

The plaintiff urges certain decisions of this court sustaining her right to proceed in the alternative upon two inconsistent theories. C., R. I. & P. Ry. v. McIntire, 29 Okla. 797, 119 P. 1008; Southwest Mo. Ry. Co. v. Duncan, 139 Okla. 292, 282 P. 331; Sand Springs Ry. Co. v. McWilliams, 170 Okla. 85, 38 P. (2d) 539. An examination of these cases reveals no question of election of remedies. The question of inconsistency arose either on general demurrer or on objection to the introduction of evidence.

Missouri decisions cited by p'aintiff cannot aid in a determination of the question. In that state prior negligence may be cumulative and consistent with the negligence occurring after discovery of plaintiff's perilous situation under the last clear chance doctrine. Such is not the law in this sta+e. A., T. & S. F. Ry. Co. v. Bratcher, supra.

Other cases called to our attention by plaintiff apparently did not involve the question of election of remedies.

With reference to inconsis'ent defenses which may be set up in an answer, we have said:

"2. Where the defenses set up in an answer are so inconsistent that the proof of one necessarily disapproves the other, the defendant may be compelled to elect on

which defense he will stand, and the proper motion in such case is one to compel an election." Small v. Comer, 171 Okla. 418, 43 P. (2d) 716.

We do not see that any different rule should apply to inconsistent and repugnant causes of action contained in a petition from that which applies to inconsistent and incompatible defenses contained in an answer.

In the present case defendant's motion to require plaintiff to elect should have been sustained, and the order overruling such motion constituted prejudicial error.

The judgment of the trial court is reversed and the cause remanded, with instructions to grant defendant a new trial.

RILEY, BAYLESS, BUSBY, and PHELPS, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., dissent.

McNEILL, C. J. (dissenting). I cannot give my assent to the conclusion which has been announced by my associates in this case. In my opinion there was no inconsistency in pleading primary negligence and the doctrine of the last clear chance in the alternative, in the present case.

In many cases it would be impossible to tell in advance what the evidence will develop, and to require an election before the evidence has been submitted as to whether plaintiff seeks a recovery under primary negligence or the last clear chance would be compelling a plaintiff to throw away an opportunity of selecting the appropriate remedy and unnecessarily place the plaintiff in a position to compel him to a conjecture in advance as to what the actual facts may reveal in the trial and thereby result in denying plaintiff the remedial right he would be entitled to follow in accordance with the facts which were developed. Lilly v. N. Y., N. H. & H. R. Co. (Mass. Sept. 11, 1936) 3 N. E. (2d) 729.

If such an election should be required before the submission of the evidence, it would result in a suppression of the facts and plaintiff would be confronted with a situation wherein the case pleaded was not proved or that the case proved was not pleaded, and this would deny plaintiff the right to have the pleadings amended to conform to the proof. The point to be remembered is that the defendant may be liable under the facts, either for primary negligence, or the last clear chance, dependent upon what facts are established on the

trial; and, in either event, it is a question of fact for the jury as to which negligence is the proximate cause of the injury. Our practice has been to allow liberality in pleadings, and if there is any variance between the allegations and the proof, the party will be allowed to amend so as to adapt his pleading to the facts as proved. An election, if any, in a case of this character should not be required before the evidence is closed, and, if a motion is then presented seeking such an election, the matter should rest within the discretion of the trial court.

If plaintiff proves that defendant was negligent, which negligence was the proximate cause of the injuries, plaintiff is entitled to damages from the defendant unless plaintiff was guilty of contributory negligence which concurring in the negligence of the defendant was the proximate cause of plaintiff's injury. When plaintiff pleads primary negligence, and defendant answers by a general denial and an affirmative plea of contributory negligence, then the negligence of both plaintiff and defendant are at issue.

Under the doctrine of the last clear chance the predominant question for consideration is the negligence of the defendant. This negligence is not primary negligence, but it is independent of and without regard to such negligence. It is subsequent to plaintiff's negligence and the primary negligence of defendant and does not deal with a negligence already existing between the parties, McCafferty v. Maine C. R. Co., 106 Me. 284, 76 Atl. 865. The defendant is required and bound to exercise ordinary care to prevent injuring plaintiff after defendant has discovered plaintiff in a position of peril. When the doctrine of the last clear chance is involved, the defendant is called upon to exercise the last clear chance to avoid injuring plaintiff, and the prior negligence of the plaintiff and the prior negligence of the defendant are no longer debatable questions or open for consideration in determining the liability of the defendant under this doctrine. After defendant has discovered the situation of danger or perilous position of the plaintiff, it then becomes the bounden duty of the defendant to exercise with reasonable care the ability he then possesses to prevent injuring the plaintiff. It resolves itself into a question of whether a defendant is responsible for the last link in the chain of causation and has the last clear chance to avoid injuring plaintiff by the exercise of ordinary care.

If defendant in the exercise of such care fails to avail himself of the last clear chance, then such negligence becomes the proximate cause of the injury. Poncino v. Reid-Murdoch & Co. (Cal. App.) 28 P. (2d) 932.

Of course the last clear chance doctrine has no application if the plaintiff, appreciating the perilous position, thereafter fails to exercise ordinary care to extricate himself from such a position. In the case of Lorry v. Englander Drayage & Warehouse Co. (Cal. App.) 291 P. 467, the essentials to the application of the doctrine of the last clear chance are stated as follows:

"(1) That the plaintiff has been negligent; (2) that as a result thereof she was present in a situation of danger from which she could not escape by the exercise of ordinary care; (3) that the defendant was aware of her dangerous situation and realized, or ought to have realized, her inability to escape therefrom; (4) that the defendant then had a clear chance to avoid injuring her by the exercise of ordinary care; (5) that the defendant failed to avoid the accident by the use of ordinary care."

When all of those elements are present, plaintiff is entitled to present that theory of the case without regard to the fact that she may have been guilty of contributory negligence. Poncino v. Reid-Murdoch & Co., supra.

In the case of Farris v. Southern Ry. Co. (N. C.) 66 S. E. 457, the Supreme Court of North Carolina considered the issues which the trial court presented to the jury:

"* * * The negligence of the defendants; (2) the contributory negligence of plaintiff's intestate; (3) the last clear chance; (4) damages."

The case was heard entirely upon the evidence offered by the plaintiff, and the defendant, submitting no testimony, moved for judgment of nonsuit at the close of the evidence. The trial court overruled the motion. Specific objection was made to presenting the issue of the last clear chance in conjunction with the questions of primary negligence and contributory negligence. The Supreme Court held:

"Where there was concurring negligence of plaintiff and defendant, the ultimate liability depended on whether defendant could have avoided the injury by the exercise of reasonable care under the circumstances; and hence in an action for the death of a railroad employee, killed while crossing tracks in the yards, where the issues of negligence of both the railroad company and decedent were submitted, the issue of last clear chance was also properly submitted, since, if the jury found for defendant upon the issue of decedent's negligence, defendant's liability would depend upon their finding upon the issue of last clear chance."

In the body of the opinion, in speaking of the error in presenting the issue of the last clear chance, the court said:

"While this issue has become immaterial in view of the finding of the jury on the first and second issues, we think it was proper for his honor to have submitted it. If the jury had found with defendants on the second issue, having found the first issue with plaintiff, the ultimate liability of defendants would have been determined by their finding on the third issue. In the presence of the concurring negligence of a plaintiff and a defendant, it is a generally accepted doctrine, and well settled in this state, that the ultimate liability must depend upon whether the defendant could, at the time, have avoided the injury by the exercise of reasonable care under the attendant circumstances. Ray v. Railroad, 141 N. C. 84, 53 S. E. 622; Reid v. Railroad, 140 N. C. 146, 52 S. E. 307; Lassiter v. Railroad, 133 N. C. 244, 45 S. E. 570; Arrowood v. Railroad, 126 N. C. 629, 36 S. E. 151; Pickett v. Railroad, 117 N. C. 616, 23 S. E. 264, 30 L. R. A. 257, 53 Am. St. Rep. 611."

In the case of Hofford, Adm'x, v. Illinois Central Ry. Co., 138 Iowa, 543, 110 N. W. 446, the plaintiff, as administrator, sued to recover damages for wrongful death. The negligence on the part of the defendant was fourfold:

(1) In failing to give proper warning of the approach of the train.

(2) An excessive rate of speed at which the train was being operated.

(3) In not making a proper discovery of deceased and failing to sound the alarm in time to enable him to escape from the track.

(4) In failing to avoid the accident by stopping the train after presence of deceased on the track was in fact discovered.

In that case no question was raised as to any inconsistency in pleading, and concerning the last clear chance that court said:

"III. The fourth ground of negligence is predicated upon the doctrine of the 'last clear chance.' It was the undoubted duty of the engineer as soon as he discovered that Henry was apparently unconscious of the approach of the train, and of the peril to him in remaining on the track, to at once sound the alarm and put the train

under control, and avoid, if possible, running him down. This is true without regard to any question of negligence on the part of Henry. Kelly v. Railway, 118 Iowa, 387. But in respect of this it is sufficient to say that the evidence all points to the conclusion that the engineer adopted every possible means and spared no effort to avert the accident. Having done so, he and his employer must be held blameless."

Many cases may be cited on this phase of the case. However, it is the duty of the court to instruct on all theories presented by the issues. Williams v. Otis, 155 Okla. 173, 8 P. (2d) 728.

This court has approved instructing on threefold issues: (1) Primary negligence; (2) contributory negligence; (3) last clear chance.

See Southwest Missouri Ry. Co. v. Duncan, 139 Okla. 292, 282 P. 331; Sand Springs Ry. Co. v. McWilliams, 170 Okla. 85, 38 P. (2d) 539.

In pleading as well as in evidence it is the truth which is sought, and if there is a bona fide doubt on the part of the pleader as to whether he should plead on one theory or on the other, he can have no choice but to plead in the alternative. "Judicial machinery" should not prevent him from presenting the true facts. 33 Yale Law Review, 365.

Clark on Code Pleadings, section 42, pp. 172-173 (Hornbrook Series):

"Now the difficulty is that the pleader often cannot know, and cannot reasonably be expected to know, which of two or more alternatives is the correct one. This is particularly true as to the details of the injury or breach which often are known only to the defendant in advance of trial. The problem is the one already discussed of the degree of certainty which may fairly be required of the pleader. To enforce the rule as harshly as at common law is unfairly to trap the pleader beyond any requirement of fair notice to the defendant. Hence one of the most simple, desirable and effective improvements upon the common-law rules is the adoption of the rule permitting allegations in the alternative. This has been done by statute or rule of court in England, under the federal equity rules, and in at least six jurisdictions in this country. In apparently at least ten more it is permitted by judicial decision. When the true nature of the problem is recognized, the arbitrary form of the rule ought to be made to yield in all states, even without legislative aid.

"Even at common law it was possible substantially to evade the harsh effects of the rule by stating the same cause of action in different counts, and in the various counts setting forth the various positions the pleader may desire to take. A question has been made whether under the codes such a practice is permissible. Even if permissible under the codes, the practice is cumbersome and confusing, and should not be made necessary by arbitrary rules out of place under code practice."

In the Restatement of the Law of Torts, vol. 2, sec. 463, on Negligence, it is stated:

"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm."

"Sec. 479. Defendant's Last Clear Chance. A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

"(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

"(b) the defendant

"(i) knows of the plaintiff's situation and realizes the helpless peril involved therein; or

"(ii) knows of the plaintiff's situation and has reason to realize the peril involved therein; or

"(iii) would have discovered the plaintiff's situation and thus had reason to realize the plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and

"(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff."

"Comment on Clause (a):

"a. The rule stated in this section is applicable only when the plaintiff has negligently placed himself in a position of peril from which he cannot, at the time of the accident, extricate himself. If the plaintiff's negligence consists in a failure to exercise that degree of vigilance for his own safety which as a reasonable man he is bound to exercise (as to which see sec. 464), he can recover, if at all, only under the rule stated in sec. 480. However, if at the time of the accident he is incapable of averting harm by the exercise of reasonable care, he can recover under the rule stated in this section, even though his inability is because of some antecedent lack of preparation since he is required to exercise with reasonable attention, care and competence only such ability as he then possesses. * * *.

328

"Comment on Clause (c):

"e. It is not necessary that the defendant should have been negligent prior to the time at which he discovered or should have discovered the dangerous position in which the plaintiff has negligently put himself. It is enough that thereafter he fails to utilize with reasonable care the ability which he then has to avert the plaintiff's harm.

"f. **Antecedent lack of preparation.** In order that the defendant may be liable under the rule stated in this section, it is necessary that after he has discovered or should have discovered the plaintiff's peril, he should have had the ability to avert the accident if he had used due care and competence in utilizing it. If the defendant, after discovering the plaintiff's peril, does all that can reasonably be expected of him, the fact that his efforts are defeated by antecedent lack of preparation or a previous course of negligent conduct is not sufficient to make him liable. All that is required of him is that he use carefully his then available ability. * * *"

"Sec. 480. Last Clear Chance; Negligently Inattentive Plaintiff.

"A plaintiff who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant

"(a) knew of the plaintiff's situation, and

"(b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

"(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff.

"Comment:

"a. The situation dealt with in this section differs from that dealt with in sec. 479 in one important particular. Sec. 479 is applicable only where the p'aintiff immediately before his harm could not have discovered his peril in time to avoid it by the exercise of that vigilance which a reasonable man would exercise for his own protection. This section states the rule under which a plaintiff, who could have made timely discovery of his peril if he had been on the alert, can recover notwithstanding his negligent inattention. In such a situation, the defendant has no reason to believe that he has the exclusive power to prevent the harm unless he not only knows of the plaintiff's situation but realizes or has reason to realize that the plaintiff does not know the peril of his situation and is, therefore, in a danger from which only the defendant's careful action can protect him.

"b. **When defendant can assume plaintiff will avoid danger.** It is not enough that the defendant should see the plaintiff in a position which would be dangerous were the plaintiff not aware of what is going on. The defendant must also realize or have reason to realize that the plaintiff is inattentive and, therefore, is in peril. The defendant is entitled to assume that the plaintiff is paying or will pay reasonable attention to his surroundings; until he has reason to suspect the contrary, he has no reason to believe that the plaintiff is in any danger. Therefore, the defendant is liable only if he realizes or has reason to realize that the plaintiff is inattentive and consequently in peril. * * *"

In the case of Brown v. Yokum (Cal. App.) 298 P. 845, the Appellate Court of California had before it the question as to the right of the trial court to instruct on primary negligence and the last clear chance, and contributory negligence. In that case the court said:

"It is an elemental rule that the court may instruct the jury upon all issues pleaded or otherwise established by the evidence. Inconsistent causes of action or defenses may be alleged and set up, and instructions covering them must necessarily be based upon conflicting and contradictory hypotheses. And so here the doctrine of last clear chance permits recovery by plaintiff though he be negligent. This was a theory upon which plaintiff relied, and she was entitled to have it submitted to the jury. On the other hand, the defense of contributory negligence was relied upon by defendant, and the jury likewise was entitled to an instruction upon that issue. The jury were told in the three formula instructions that, if decedent was negligent, plaintiff could not recover. In the instructions upon 'last clear chance,' the jury were told that if, in addition to evidence of negligence upon the part of deceased the evidence showed that defendant had the last clear chance to avoid the collision, and failed to do so, the contributory negligence of deceased would not preclude a recovery. Each of the last three instructions is based upon certain facts. If other and additional facts are found to be true, the jury is told that it may reach a different conclusion. We are of the opinion that the jury was not misled, and that the giving of these instructions was proper."

Our own court, speaking through Mr. Justice Phelps, on the question of contributory negligence and the last clear chance in the case of St. L. & S. F. Ry. Co. v. Bryan, 113 Okla. 39, 237 P. 613, in the first and third paragraphs of the syllabus announced the rule of law as applicable in that case, as follows:

"I. The doctrine of 'last clear chance' is recognized by the courts as an exception to the general rule that the contributory neg-

ligence of the person injured will bar a recovery, without reference to the degree of negligence on his part; and, under this exception to the rule, the injured person may recover damages for an injury resulting from the negligence of the defendant, although the negligence of the injured person exposed him to the danger of the injury sustained, if the injury was more immediately caused by the want of care, on the defendant's part, to avoid the injury, after discovering the peril of the injured person. * * *

"3. 'The last clear chance' doctrine applies to render a railway company liable for an injury at a crossing to the deceased, whose peril the engineer appreciated, though the deceased's contributory negligence continued up to the moment of his injury."

In the body of the opinion it was said:

"The defendants further contend that this instruction is erroneous for the reason that it did not contain a provision as to concurrent and contemporaneous negligence of the parties, it being their contention that if the plaintiff and defendants were concurrently negligent, no recovery could be had, and in order for the plaintiff to recover, some negligent act of the defendants must be shown, which occurring, after the contributory negligence of the injured party had ceased, caused the injury. We do not agree with this contention. The last clear chance doctrine applicable here contemplates a danger which the engineer, having knowledge thereof, may avoid by due care on his part. To hold that if he, having the last clear chance to avoid the injury by the exercise of due care, is excused if the injured party's negligence continues or is concurrent, is to deny the application of the last clear chance doctrine. It, in effect, would be holding that the rule of contributory negligence would apply and be a defense under such circumstances. The failure of the engineer to perform his duty when he has knowledge of the person's peril and has the opportunity to prevent the injury by the exercise of due care, raises liability. In our judgment, the correct rule is that defendants cannot rely upon contributory negligence of the injured person as a protection where the injury was more immediately caused by the want of due care on defendant's part to avoid the injury after discovering the peril of the injured party. M., K. & T. Ry. Co. v. Smith, 97 Okla. 152, 223 P. 373; Okla. City Ry. Co. v. Barkett, supra; St. L. & S. F. Ry. Co. v. Clark, supra; Lusk v. Haley, supra; Thrasher v. St. L. & S. F. Ry. Co., supra: Wilson v. Ill. C. Ry. Co., 150 Iowa, 33, 129 N. W. 340, 34 L. R. A. (N. S.) 687 note: Terre Haute, etc.. Co. v. Stevenson, 189 Ind. 100, 123 N. E. 785."

In conclusion, it is my theory that there is no inconsistency or repugnancy in pleading primary negligence and the doctrine of the last clear chance; that a plaintiff in seeking to recover damages for injuries sustained on account of negligence should be permitted to plead in the alternative; that such pleading, even though in the alternative, which seeks to recover upon different combinations of facts, either of which would establish the liability of the defendant, should be liberally construed, and when a plaintiff under such an action seeks to recover and there is uncertainty as to the precise grounds of recovery, and uncertainty as to what the proof may afford, then plaintiff ought not to be compelled by the court to elect as to the remedy. To do so, in many instances, would compel a plaintiff to throw away either recourse before plaintiff has had an opportunity to determine which affords the true remedy. See Lilly v. N. Y., N. H. & H. R. Co., supra (Mass., September 11, 1936). At all events, there should be no election until the proof has closed.

For these reasons, I respectfully dissent.

Mr. Vice Chief Justice OSBORN joins in this dissent.